# EXHIBIT 6

### IN THE DISTRICT COURT OF LINCOLN COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| RURAL HOSPITAL ACQUISITION, LLC, and<br>FIRST PHYSICIANS REALTY GROUP, LLC,<br><br>               Plaintiffs,<br><br>v.<br><br>RHA STROUD, INC., AND RHA ANADARKO, INC.,<br><br>               Defendants,<br><br>v.<br><br>FIRST PHYSICIANS BUSINESS SOLUTIONS, LLC,<br>FIRST PHYSICIANS SERVICES, LLC<br>FIRST PHYSICIANS RESOURCES, LLC and<br>FIRST PHYSICIANS CAPITAL GROUP, INC.<br><br>               Third-Party Defendants. | Case No. CJ-20-31<br>(Judge Ashwood)<br><br>**FILED**<br><br>OCT 1 4 2020<br>CINDY KIRBY, COURT CLERK<br>LINCOLN COUNTY, OKLAHOMA |

## APPLICATION FOR HEARING ON AGREED ORDER APPOINTING RECEIVER

COME NOW, Plaintiffs, Rural Hospital Acquisition, LLC ("RH Acquisition") and First Physicians Realty Group, LLC ("FP Realty") and hereby submit this Application for Hearing on Order Appointing Receiver, requesting that the Court schedule this matter for hearing on the Court's next available docket in regards to the entry of an Agreed Order Appointing Receiver.

1.      On September 24, 2020, the Court entered its Order sustaining Plaintiffs' Applications to Appoint Receiver (the "Order").

2.      Pursuant to the Order, "the parties are to present an agreed order appointing the receiver and the appropriate bond." Order at 3.

3.      On October 6, 2020, based on input provided by the Receiver, Mr. David Rhoades, Plaintiffs submitted the following documents to Defendants RHA Stroud, Inc. and RHA Anadarko, Inc. for Defendants' consideration and agreement:

      a.  Order Appointing Receiver for Defendant RHA Stroud, Inc.;

    b.   Order Appointing Receiver for Defendant RHA Anadarko, Inc.;

    c.   Stroud Receiver's Certificate; and

    d.   Anadarko Receiver's Certificate.

True and correct copies of the above-identified documents are attached hereto for the Court's convenience as Exhibits 1-4, respectively.

    4.     Plaintiffs and the Receiver are agreeable to the Orders Appointing Receiver and Receiver's Certificates attached hereto, which are consistent both with the purposes of the appointment of a receiver and the broad authority granted by Oklahoma law.

    5.     Defendants have provided their comments to the Orders and Certificates. The Defendants' version of the Order Appointing Receiver essentially strips the Receiver of all authority, including specifically removing language granting the Receiver the power and authority granted under 12 O.S. § 1551 *et seq.* Plaintiffs do not agree that the Defendants' revisions are appropriate with one exception: Plaintiffs are willing to agree to a $2 million bond, as proposed by Defendants. Defendants' revised Order Appointing Receiver and Receiver's Certificates and the comparison versions provided by Defendants are attached hereto as Exhibit 5-8, respectively.

    6.     Pursuant to this Court's September 24, 2020 Order, if there is a dispute between the parties as to the entry of an agreed order, the Court requested that the matter be set for hearing.

    7.     Therefore, Plaintiffs submit this Application requesting that the Orders Appointing Receiver and Receiver's Certificates, attached hereto as Exhibits 1 through 4 be entered, or that the Court set this matter on its hearing docket.

    8.     The Court's September 24, 2020 Order did not request or permit further briefing. To the extent necessary and ordered by the Court, however, Plaintiffs will submit briefing for the Court's consideration.

9.      A Notice of Hearing is attached hereto for the Court's Convenience.

WHEREFORE, pursuant to this Court's September 24, 2020 Order, Plaintiffs Rural Hospital Acquisition, LLC and First Physicians Realty Group, LLC respectfully request that this Court set a hearing on the attached Order Appointing Receiver for Defendant RHA Stroud, Inc. and Order Appointing Receiver for Defendant RHA Anadarko, Inc., along with the Receiver's Certificates, together with such further relief as the Court deems just and equitable.

Respectfully submitted,

J. Clay Christensen (OBA #11789)
T. P. Howell (OBA #10347)
Lisa M. Molsbee (OBA #19530)
Jonathan M. Miles (OBA #31152)
CHRISTENSEN LAW GROUP, P.L.L.C.
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1113
clay@christensenlawgroup.com
lynn@christensenlawgroup.com
lisa@christensenlawgroup.com
jon@christensenlawgroup.com

-and-

Christopher Tayback (California Bar No. 145532)
Kristen Bird (California Bar No. 192863)
Jordan Alexander (California Bar No. 305112; New York Bar No. 5300140)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristenbird@quinnemanuel.com
jordanalexander@quinnemanuel.com
*Admitted Pro Hac Vice*

-and-

Kyle Kenneth Batter (California Bar No. 301803)
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
kylebatter@quinnemanuel.com
*Admitted Pro Hac Vice*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This certifies that on the ⟨handwritten⟩ day of October 2020, the foregoing was mailed via U.S. Mail, postage prepaid to the following:

Mitchell D. Blackburn
CONNER & WINTERS, LP
1700 One Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102

Richard Brosnick
Martin L. Monaco, Jr.
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103

C. David Rhodes
401 S. Boston Avenue, Suite 2320
Tulsa, Oklahoma 74103

J. Clay Christensen / Jonathan M. Miles

## IN THE DISTRICT COURT OF LINCOLN COUNTY
## STATE OF OKLAHOMA

RURAL HOSPITAL ACQUISITION, LLC, and )
FIRST PHYSICIANS REALTY GROUP, LLC, )
)
          Plaintiffs, )     Case No. CJ-20-31
)     (Judge Ashwood)
v. )
)
RHA STROUD, INC., AND RHA ANADARKO, INC., )
)
          Defendants, )
v. )
)
FIRST PHYSICIANS BUSINESS SOLUTIONS, LLC, )
FIRST PHYSICIANS SERVICES, LLC )
FIRST PHYSICIANS RESOURCES, LLC and )
FIRST PHYSICIANS CAPITAL GROUP, INC. )
)
          Third-Party Defendants. )

## <u>ORDER APPOINTING RECEIVER FOR DEFENDANT RHA STROUD, INC.</u>

On the 14th day of September, 2020, before the undersigned Judge of the District Court in

and for Lincoln County, State of Oklahoma, the Plaintiff's Petition and Emergency Application

for Appointment of Receiver and Injunctive Relief (the "Application")[1] filed by Plaintiffs Rural

Hospital Acquisition, LLC ("RH Acquisition") and First Physicians Realty Group, LLC ("FP

Realty") on February 24, 2020, came on before the Court for hearing.  Having reviewed the

pleadings and evidence submitted to the Court, and having heard and considered the arguments of

counsel, the Court granted the Application, and further finds as follows:

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.     Effective immediately, pursuant to the provisions of 12 O.S. § 1551 *et seq.*, C.

David Rhoades (the "Receiver") is appointed as Receiver for the entity RHA Stroud, Inc. ("RHA

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.



EXHIBIT
1

Stroud," also known as Stroud Regional Medical Center) (the "Hospital"), its assets and its business operations (collectively, the "Estate"). The Estate encompasses all rights of RHA Stroud as a going concern business and all rights of RHA Stroud in and to any assets in which RHA Stroud has any right, title or interest, including, without limitation, all rights of RHA Stroud to conduct its business as a hospital facility licensed by the State of Oklahoma.

    2.     RHA Stroud and its agents shall immediately and promptly deliver to the Receiver immediate and complete access to, and control over RHA Stroud, the Hospital, and the Estate.

    3.     The Receiver's appointment shall become effective upon the filing herein by the Receiver of a bond of $1,000,000.00, conditioned as provided by law, and the filing herein of his oath as Receiver as provided by law.

    4.     The Receiver shall have all the powers of a receiver as provided for in 12 O.S. § 1551 *et seq.* The Receiver is specifically given direction and authority to accomplish the following regarding RHA Stroud, the Hospital, and the Estate:

(a)     To take custody, control and possession of the Hospital;

(b)     To protect the health, safety, and welfare of the patients of the Hospital;

(c)     To conserve, hold, operate, and manage the Hospital, to prevent any irreparable loss, damage or injury to the Hospital.

(d)     To hire a competent management company of his choice, upon Court order;

(e)     To collect all rents, fees, charges, and other income generated by the Hospital through the operation of the Hospital;

(f)     To make such payments and disbursements as may be necessary and advisable for the preservation and operation of the Hospital;

2

(g)     To retain and employ attorneys, accountants, and other persons as may be advisable or necessary in the management, conduct, control, or custody of the Hospital on the terms more specifically set forth hereafter;

(h)     To borrow funds if deemed necessary by the Receiver through the issuance of a Receiver's Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs and Defendants, to carry out the duties and responsibilities of the Receiver, including, without limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in connection with the ordinary course of administration of the Hospital. Such borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and expenses of the Receiver. If additional funds are required, then the Receiver shall file a Motion to issue additional Receiver's Certificates and receive further approval by this Court;

(i)     To institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in any state court, federal court or United States Bankruptcy Court as may in the Receiver's opinion be necessary or proper for the protection, maintenance, and preservation of the Estate or for carrying out of the terms of this Order;

(j)     To proceed to analyze the assets of the receivership estate and if warranted in his best business judgment, proceed to find qualified buyers of the assets. The Receiver has the specific power to sell the assets as a "transfer" under 12 O.S. § 1554. The Receiver shall petition the Court for permission to enter into contracts for the

disposition of assets that have a value in excess of $10,000, but not for assets whose value is less than or equal to $10,000;

(k)    To reject, and not perform pursuant to, any unexpired leases or executory contracts the Receiver determines to be burdensome to the receivership estate;

(l)    To enter into contracts and agreements necessary or helpful to continue normal operations of the Hospital in the Receiver's name;

(m)    To amend, modify, or terminate any existing contracts affecting or related to the operations of the Hospital;

(n)    To exercise all rights of RHA Stroud in and to any government-issued permits, certificates, licenses, National Provider Number, Medicare Participation Provider Agreement, Medicare Cost Reports, or other grants of authority; to take all steps necessary to ensure the continued validity of such permits, certificates, numbers, licenses, and agreements; and to take all steps necessary to comply with all requirements, regulations, and laws applicable to the Hospital;

(o)    To provide reports when requested by the Court and as reasonably requested by the parties' counsel;

(p)    To take all other reasonable actions as may be appropriate or necessary, or as this Court may authorize in furtherance of the duties stated above, until further order of this Court; and

(q)    To exercise those powers necessary to implement his conclusions with regard to disposition of this receivership pursuant to the orders and directives of this Court.

5.    The Receiver is authorized to operate the Hospital and any other business of the Estate in its current name, employer identification number, and Medicare and Medicaid numbers

4

and bank accounts. The Receiver shall collect all payments, receivables, reimbursements, revenues, income, issues, royalties, profits and other benefits derived therefrom, including, but not limited to, those paid or payable by Medicare and Medicaid programs and other payors. If the Receiver determines that it is necessary and in the best interests of the Hospital, the Receiver shall be authorized to enter into one or more consulting, administrative, management and/or other support services agreements for the Hospital with firms acceptable to the Receiver upon such terms and conditions as the Receiver deems reasonable, including (without limitation) the provision of consulting, administrative, management and/or other support services, responsibility for care, accounts payable, accounts receivable and monthly financial statements. The Receiver is authorized to pay reasonable compensation to such management firms and reimburse them for reasonable out of pocket costs and expenses.

6.     The Receiver may apply income from the operation of the Estate, as follows: 1) to the Receiver's approved fees and expenses including the Receiver's Certificate; 2) to the current operating expenses of the Receivership in the ordinary course of business; 3) to the obligations owed to any lender under the Loan Documents; and 4) to such other obligations incurred in accordance with the terms of the Court's Order. The Receiver may maintain sufficient cash on hand to enable the Receiver to meet continuing operating expenses, the payment of which is authorized herein, in an amount determined by the Receiver.

7.     The Receiver is authorized to conduct a forensic accounting of RHA Stroud, including but not limited to property, liabilities, and funds of the Hospital and any prior uses thereof.

8.     RHA Stroud shall provide the Receiver with a complete accounting of the funds expended from RHA Stroud and any explanations for the transactions requested by Receiver.

9.    The authority granted to the Receiver will be self-executing, unless the action specifically requires subsequent authorization from the Court.

10.    The Receiver is authorized and directed to obtain and maintain such licenses, permits and certificates, including, but not limited to, Certificates of Need or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Estate. In order to immediately safeguard resident and patient well-being, any state, county, or local regulatory agencies shall issue the Receiver a temporary permit or license while the Receiver proceeds with the process, under applicable state law, of obtaining or preserving all required licenses and permits in a timely manner.

11.    The Receiver is assigned all interests, rights, claims, defenses, causes of action and/or recoveries in which RHA Stroud has an interest including, but not limited to, the above-captioned litigation, and is hereby authorized, to institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in state or federal courts necessary for the protection, maintenance and preservation of the assets of the Hospital (the "Hospital Assets") and to carry out the terms of the Court's Order Appointing Receiver, including but not limited to the collection of all sums due to RHA Stroud from the Hospital's operations. In this regard, the Court takes judicial notice of the law applicable to assignments of Medicare and/or Medicaid payments and hereby vests Receiver with the following special rights and authorities related to the collection of any and all sums due to RHA Stroud from Medicare or Medicaid:

    a.    This Order Appointing Receiver is designated as a Court Order in compliance with 42 U.S.C. § 1395(g)(c) which, in pertinent part, states that nothing in the anti-assignment provisions of 42 U.S.C. § 1395(g) shall be construed to prevent the making of a direct payment in accordance with an assignment from the provider if such assignment . . . is established by or pursuant to the order of a Court of competent jurisdiction.

6

           b.      Receiver is hereby provided such Order, and Medicare and/or any servicer administering payments on behalf of Medicare may pay directly to Receiver any and all sums formerly due and payable to RHA Stroud, Inc.

    12.     The Receiver shall have the sole power and authority, consistent with the terms of this Order, (i) to oversee and make all final decisions concerning the financial affairs relating to the Estate, (ii) to remove any existing directors, and identify and appoint qualified individuals to serve as members of the Board of Directors of RHA Stroud, (iii) to analyze, market, and sell any or all of the Assets or any other property of the Estate, and (iv) to manage and operate the Estate on a daily basis.

    13.     Any and all creditors or parties in interest are directed to file **any** actions regarding RHA Stroud in Lincoln County with the Receiver named as a defendant.

    14.     RHA Stroud, its officers, directors, agents, representatives, servants, employees, managers, members, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with RHA Stroud, shall promptly deliver to the Receiver:

    (a)     The identity of all bank, securities, brokerage, or other accounts to which any rents, fees, proceeds, income or other cash from the Hospital were deposited and all funds contained in any such accounts, along with all internet login and password codes;

    (b)     Custody, possession and control of the Hospital, its business operations, and any rents, fees, proceeds, income, and other cash from the Hospital, including all accounts receivable from the operation of the Hospital;

    (c)     Custody, possession, and control of all funds, assets, books, and records as are necessary to obtain an accounting of the amount, source, and disposition of rents, fees, proceeds, income, and other cash from the Hospital;

7

(d)    All documents, information, personal property, and other materials and information, including all internet login and password information, necessary to the continued operation of the Hospital and its business operations; and

(e)    Such other information and documentation that the Receiver may deem necessary.

15.    The Receiver is authorized to maintain appropriate real property insurance for the Hospital Assets, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, burglary and theft insurance, malpractice insurance, and other types of insurance normally obtained in connection with the operation and management of the Hospital Assets, and the Receiver is authorized to continue any current policies in place, and to purchase further insurance as the Receiver deems appropriate.

16.    RHA Stroud, its officers, directors, agents, representatives, servants, employees, members, managers, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with the Hospital, are hereby enjoined directly or indirectly from the following and ordered to:

(a)    refrain from interfering with Receiver taking such custody, control, or possession of the Hospital and its business operations and from interfering in any manner, directly or indirectly, with such custody, possession, and control of said Receiver or the continued operation of the Hospital;

(b)    complete and file such change(s) of information and other notices and filings requested by the Receiver pertaining to Medicare and Medicaid certifications and enrollment, licensure, and notices and filings necessary to remove the current managing, controlling, authorized, and delegated parties, officials, and

8

representatives relating to the Hospital, and substituting the Receiver and his designees;

(c)    fully cooperate with the Receiver and all others to effectuate a smooth and orderly transition of the Hospital and control of its business operations to the Receiver without disruption or impairment of the Hospital or its business operations;

(d)    refrain from doing anything that would disrupt, impair, adversely affect, or otherwise complicate the smooth and orderly transition of the Hospital and control of its operations to the Receiver, or continued and ongoing operations of the Hospital by the Receiver, as contemplated by this Order;

(e)    refrain from terminating or changing the terms of employment of employees working at or for the Hospital, soliciting the employees to cease working at or for the Hospital and Receiver, or otherwise interfering with the employees continued and ongoing work at or for the Hospital and Receiver; and

(f)    refrain from transferring, dissipating, or otherwise disposing of any of the property of the Estate and its proceeds, (ii) transferring, concealing, destroying, or making any other disposition of any personal or corporate assets, including, but not limited to, funds in any bank or brokerage accounts, automobiles, or any other real or personal property owned, possessed, or controlled by any of them, without prior authorization from the Court.

17.    RHA Stroud, its subsidiaries, officers, directors, agents, representatives, servants, employees, assigns, managers, members, shareholders, attorneys, and all persons acting on its behalf, under its direction and control, shall fully cooperate with and assist the Receiver and take no action, directly or indirectly, to hinder or obstruct the Receiver in the conduct of his duties or

9

to interfere in any manner, directly or indirectly, with the custody, possession, or control exercised by the Receiver. RHA Stroud shall deliver to the Receiver the originals or true and correct copies of all books, filings, records, contracts, documents, data, and other materials relating to the Hospital, including without limitation: vendor contracts; HIPAA business associate agreements; residency and admissions agreements; resident records; policy and procedure manuals relating to the operation of the Hospital; employment records; employee health and other benefits information, including, without limitation, employee health and benefit plan documents; financial, accounting, tax and corporate records; balance sheets; accounts receivable and accounts payable data; billing and collection data; resident trust funds information; payor contracts; licenses; registrations; accreditations; certifications; certificates of occupancy; other governmental approvals; correspondence, statements of deficiencies, plans of correction and other survey and inspection documentation, reports and other communications with federal and/or state regulators; Medicare and Medicaid contracts, cost reports, certification documentation, National Provider Identifier Numbers, other provider numbers, and Electronic Data Interchange ("EDI") Submitter identification numbers; Electronic Funds Transfer ("EFT") authorization agreements, numbers, and arrangements; website information; warranty and guaranty records; valuations, appraisals and feasibility studies, reports and surveys; environmental, structural, and physical plant audits and reports; architectural and engineering plans, drawings, and specifications; property surveys; title insurance policies; other insurance policies; domain name, trade name, trademark, service mark, and copyright information; telephone and facsimile numbers; email addresses; and all passwords and access codes relating to the foregoing.

18.     **All banks, brokerage firms, or other financial institutions that are served with a copy of this Order shall cooperate with all reasonable requests of the Receiver relating to**

implementation of this Order, including transferring funds at his direction and producing records relating to the accounts of RHA Stroud or the Hospital and its business operations. Upon presentation of this Order, all persons or entities, including banks, shall turn over all funds, operating bank accounts, and safety deposit boxes related to or associated with the Assets, to the Receiver without undue delay, and shall delete all existing designated signatories on such bank account(s). Facsimile or electronic transmission of a copy of this Order shall constitute service on any such banks, brokerage firms, or other financial institutions.

19.    The Receiver is authorized and directed to obtain such licenses, permits, certificates, or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Hospital.

20.    The Receiver shall have the right to issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate to the extent he deems necessary for the administration of the receivership.

21.    The Receiver is specifically vested with the discretion to be exercised in his business judgment to either continue the operations of the Hospital in their ordinary course to preserve going concern value or to reduce such operations to the point of cessation.

22.    The Receiver is covered by the doctrine of Judicial Immunity and all his actions shall be governed by the Business Judgment Rule. The Receiver shall at all times exercise reasonable care in employing his business judgment to administer the Estate. Unless a loss is compensable by the Receiver's bond, the Receiver shall not be personally responsible for financial losses of the Estate.

23.    The Receiver is authorized in his sole discretion and without further order of the Court to remove or abandon any property from the Estate that he deems burdensome or of

11

inconsequential value, whereupon such property shall re-vest in RHA Stroud. Abandonment shall be effective upon Notice to the parties.

24.    The Receiver's fee shall be $380 per hour plus two percent (2%) of the value of any sale/transfer up to a maximum of $150,000.00. In addition to his hourly fee, the Receiver shall be entitled to reimbursement of reasonable out-of-pocket expenses. The Receiver shall be authorized to utilize others on his staff to assist him in the performance of such duties and shall be compensated for the time reasonably spent by such persons at their normal hourly rates, which range from $50 to $340 per hour. The Receiver may apply to the Court for compensation, from time to time, in a reasonable sum to be determined by the Court. The Receiver is authorized to utilize others on his staff to assist him in the performance of his duties and such staff shall be compensated for the time reasonably spent by such persons at their normal hourly rates in the ordinary course without prior approval of the Court. The Receiver is authorized to hire management and staff to manage and operate the Hospitals or retain existing management, which shall be deemed an expense of the receivership. The Receiver is authorized to retain any professionals deemed appropriate in his sole discretion such as attorneys, accountants, or appraisers (collectively the "Professionals") and shall be entitled to reimbursement for reasonable out-of-pocket costs and expenses including the reasonable fees, costs, and expenses of the Professionals to the extent required by the Receiver in connection with the performance of his duties as specified herein, which may be modified by order of the Court upon proper motion, after notice and a hearing. Unless otherwise ordered by the Court, the employment and payment of Professionals and the out-of-pocket expenses shall not be subject to prior approval by the Court

25.    The Receiver shall have as of the entry of this Order a valid and perfected lien on the Assets that are the subject of this Order to secure payment to the Receiver of the fees and

expenses of the Receiver that are approved by this Court (the "Receiver's Lien"). The Receiver's Lien granted hereby shall be a first lien with priority over all other liens, claims, and interests. Dismissal of this case shall not affect the nature, extent, or validity of the Receiver's Lien and shall be ineffective to divest this Court of jurisdiction to hear and approve any requested fees and expenses of the Receiver and to discharge the Receiver and any bond.

26.    In order to promote judicial efficiency, all persons who receive actual or constructive notice of this Order are enjoined in any way from disturbing or in any way interfering with the Receiver's administration of the Estate or from commencing or prosecuting any proceedings (including collection or enforcement proceedings) that involve the Receiver or the Estate, unless such person or persons first obtains the permission of this Court or the Receiver, provided, however, Plaintiffs may complete their case. All Parties and any other entity given notice of this Order are hereby enjoined from any and all of the following: (1) the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other action or proceeding against the Assets, the Estate or the Receiver that was or could have been commenced before the entry of this Order, or to recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; (2) any act to obtain possession of, or to exercise control over, the Estate; (3) any act to create, perfect, or enforce any lien against the Estate; (4) any act to create, perfect, or enforce against the Estate any lien to the extent that such lien secures a claim that arose before the entry of this Order; (5) any act to collect, assess, or recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; or (6) the setoff of any debt owing to the Estate that arose before the entry of this Order against any claim owing from the Estate or the Receiver. Further, the officers, directors, agents, representatives, servants, managers, members assigns, attorneys, and/or shareholders and all those

13

acting in concert with RHA Stroud are specifically restrained and enjoined from interfering in any way and/or taking any action (a) inconsistent with the terms of this Order, or (b) not expressly authorized by the by-laws or articles of incorporation of the RHA Stroud as those documents were constituted as of the entry of this Order.

27.     The injunctive relief granted herein may be modified or waived only by order of this Court upon proper motion, after notice and a hearing.

28.     The Receiver may, in his reasonable discretion, assume or reject any contracts or leases entered into by RHA Stroud related to the Estate, as provided for in *Sunflower Oil Co. v. Wilson*, 142 U.S. 313, 322, 12 S. Ct. 235, 237, 35 L. Ed. 1025 (1892) and *U.S. Trust Co. v. Wabash W. Ry. Co.*, 150 U.S. 287, 299-300, 14 S. Ct. 86, 90, 37 L. Ed. 1085 (1893). The Receiver is authorized to: 1) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of operating the Hospital and the Estate; 2) modify existing leases, occupancy agreements, and contracts in the ordinary course of the business; 3) pay all utilities, expenses, and other obligations secured by the assets of the Estate or which may give rise to liens on the same, and all other outstanding obligations to suppliers and services in the ordinary course of business, including obligations incurred prior to the commencement of the receivership, so long as the Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; 4) make repairs necessary to the maintenance of the Estate in order to preserve the same in the ordinary course of business; and 5) comply with all requirements and regulations applicable to the Estate.

29.     The Receiver shall not be bound by any contracts, agreements, understandings, or other commitments which RHA Stroud had, or may have had, with third parties, whether oral or written. Nothing in this Order constitutes, or shall be construed to constitute, an assumption by

14

the Receiver of any of the contracts or agreements currently existing with respect to the Estate, or the waiver by the Receiver of any default under any such contract or agreement.

30.    This Court explicitly retains jurisdiction, despite any attempted dismissal, to hear and rule on receivership-related issues. *See Brown v. R. L. Bivings*, 316 P.2d 855 (Okla. 1957).

31.    The Receiver shall provide reports when requested by the Court and as reasonably requested by the parties' counsel.

32.    The Receiver shall serve until further order of the Court terminating this receivership. The Receiver may resign his position only upon thirty (30) days written notice to all parties of record and upon approval of the Court.

33.    Utility companies and other providers of utility services, including without limitation, electricity, gas, water, sewage, waste water, recycling services, refuse, garbage, television/cable, and telephone are directed not to demand security deposits or to discontinue service. The utility companies and other providers are also directed to assist in all requests made by the Receiver and/or his staff in relation to any accounts in the name of RHA Stroud or the Hospital and all the addresses associated therewith. These requests include but are not limited to the commencement or cessation of utility service, the transfer of utility service or deposits into the receivership estate, and any other requests made to assist the Receiver in his duties.

34.    The Receiver may but shall not be obligated in any manner to prepare or file any delinquent, current, or future state or federal income tax returns and shall not be individually held personally responsible for any local, state, or federal income, property, payroll or other taxes of RHA Stroud or the Hospital except for payroll or sales taxes incurred as a result of the Receiver's administration of the receivership estate. The receivership estate shall not constitute a separate or new taxpayer.

15

35.    The Receiver is empowered to file a voluntary petition for relief pursuant to 11 U.S.C. §301 et seq. for RHA Stroud if such is deemed appropriate in the sole discretion of the Receiver in the exercise of his business judgment. RHA Stroud's officers, directors, agents, representatives, servants, employees, managers, members, and/or shareholders and all those acting in concert with RHA Stroud are specifically prohibited from taking any action inconsistent with the terms of this Order and from authorizing any action by RHA Stroud inconsistent with their respective by-laws or operating agreements as of the entry of this Order.

36.    RHA Stroud shall provide notice of this Order to each of its officers, directors, agents, representatives, servants, employees, managers, members, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with RHA Stroud.

37.    Communications between counsel for Receiver (if any) and Receiver are privileged, not subject to any exceptions to the attorney-client privilege. For purposes of this paragraph, the "Receiver" includes all persons engaged by the Receiver to assist him in the administration of this receivership.

38.    The Court reserves the right to modify and supplement this Order from time to time as may be deemed necessary and advisable.

39.    Any person or entity filing any pleading or document in this case shall serve the Receiver with such pleading or document and shall inform the Receiver of all related hearing dates.

40.    The Receiver may, at any time, apply to this Court for further or other instructions or for modification of this Order or for further powers necessary to enable the Receiver to perform his duties and administer the Estate in accordance with this Order, and this Order may be modified and supplemented from time to time as the Court may deem necessary and advisable.

41.    If any or all of the provisions of this Order are hereafter modified, vacated, or stayed, such modification, vacation, or stay shall not affect the validity or enforceability of the lien, priority, or other protections authorized or created hereby. Notwithstanding any such modification, vacation, or stay, the Receiver shall be entitled to all of the rights, remedies, privileges, and benefits granted herein.

42.    To the extent permitted by law, the provisions of this Order shall be binding upon all of the parties, their respective successors and assigns, including any trustee hereinafter appointed as a representative of the Estate in any subsequent proceedings under the Bankruptcy Code, and all creditors of RHA Stroud and other parties in interest.

43.    **ALL PERSONS HAVING NOTICE OF THIS ORDER ARE HEREBY ADVISED THAT THE TERMS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, THE INJUNCTIVE RELIEF GRANTED HEREIN, SHALL BE ENFORCEABLE BY CONTEMPT AS WELL AS ANY OTHER MEANS AUTHORIZED BY LAW.**

ENTERED THIS _____ day of October, 2020 at _____ o'clock ____.m. CST.


_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
LINCOLN COUNTY DISTRICT JUDGE

Approved for Entry:

_____

J. Clay Christensen (OBA #11789)
Lisa M. Molsbee
Jonathan M. Miles (OBA #31152)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 NW 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile:  (405) 228-1113
clay@christensenlawgroup.com
lisa@christensenlawgroup.com
jon@christensenlawgroup.com

-and-

Christopher Tayback (California Bar No. 145532)
Kristen Bird (California Bar No. 192863)
Jordan Alexander (California Bar No. 305112)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristenbird@quinnemanuel.com
jordanalexander@quinnemanuel.com
Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFFS**

Mitchell D. Blackburn (OBA #12217)
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
mblackburn@cwlaw.com

-and-

Martin L. Monaco, Jr. (NY Bar No. 5527171)
Richard Brosnick (NY Bar. No. 2829919)
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
martin.monaco@akerman.com
richard.brosnick@akerman.com
*Pro Hac Vice Admission to be sought*

**ATTORNEYS FOR DEFENDANTS**

Approved for Entry:

C. David Rhoades, Receiver
401 S. Boston Avenue, Suite 2320
Tulsa, OK 74103
(918)728-3340
(918) 582-7070 (fax)
cdrhoades@turnaroundpro.com

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of October, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
Christensen Law Group, P.L.L.C.
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Richard Brosnick
Akerman, LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Christopher Tayback
Kristen Bird
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

_____
C. David Rhoades, Receiver

20

## IN THE DISTRICT COURT OF LINCOLN COUNTY
## STATE OF OKLAHOMA

RURAL HOSPITAL ACQUISITION, LLC, and )
FIRST PHYSICIANS REALTY GROUP, LLC, )
                                   )
               Plaintiffs,                    )      Case No. CJ-20-31
                                   )      (Judge Ashwood)
v.                                        )
                                   )
RHA STROUD, INC., AND RHA ANADARKO, INC., )
                                   )
              Defendants,                )
v.                                          )
                                   )
FIRST PHYSICIANS BUSINESS SOLUTIONS, LLC, )
FIRST PHYSICIANS SERVICES, LLC )
FIRST PHYSICIANS RESOURCES, LLC and )
FIRST PHYSICIANS CAPITAL GROUP, INC. )
                                   )
            Third-Party Defendants.      )

### ORDER APPOINTING RECEIVER FOR DEFENDANT RHA ANADARKO, INC.

On the 14th day of September, 2020, before the undersigned Judge of the District Court in

and for Lincoln County, State of Oklahoma, the Plaintiff's Petition and Emergency Application

for Appointment of Receiver and Injunctive Relief (the "Application")[1] filed by Plaintiffs Rural

Hospital Acquisition, LLC ("RH Acquisition") and First Physicians Realty Group, LLC ("FP

Realty") on February 24, 2020, came on before the Court for hearing. Having reviewed the

pleadings and evidence submitted to the Court, and having heard and considered the arguments of

counsel, the Court granted the Application, and further finds as follows:

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

    1.      Effective immediately, pursuant to the provisions of 12 O.S. § 1551 *et seq.*, C.

David Rhoades (the "Receiver") is appointed as Receiver for the entity RHA Anadarko, Inc.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.


**EXHIBIT**
2

("RHA Anadarko," also known as The Physicians Hospital in Anadarko) ( the "Hospital"), its assets and its business operations (collectively, the "Estate"). The Estate encompasses all rights of RHA Anadarko as a going concern business and all rights of RHA Anadarko in and to any assets in which RHA Anadarko has any right, title or interest, including, without limitation, all rights of RHA Anadarko to conduct its business as a hospital facility licensed by the State of Oklahoma.

2.      RHA Anadarko and its agents shall immediately and promptly deliver to the Receiver immediate and complete access to, and control over RHA Anadarko, the Hospital, and the Estate.

3.      The Receiver's appointment shall become effective upon the filing herein by the Receiver of a bond of $1,000,000.00, conditioned as provided by law, and the filing herein of his oath as Receiver as provided by law.

4.      The Receiver shall have all the powers of a receiver as provided for in 12 O.S. § 1551 *et seq.* The Receiver is specifically given direction and authority to accomplish the following regarding RHA Anadarko, the Hospital, and the Estate:

(a)      To take custody, control and possession of the Hospital;

(b)      To protect the health, safety, and welfare of the patients of the Hospital;

(c)      To conserve, hold, operate, and manage the Hospital, to prevent any irreparable loss, damage or injury to the Hospital.

(d)      To hire a competent management company of his choice, upon Court order;

(e)      To collect all rents, fees, charges, and other income generated by the Hospital through the operation of the Hospital;

(f)      To make such payments and disbursements as may be necessary and advisable for the preservation and operation of the Hospital;

2

(g)     To retain and employ attorneys, accountants, and other persons as may be advisable or necessary in the management, conduct, control, or custody of the Hospital on the terms more specifically set forth hereafter;

(h)     To borrow funds if deemed necessary by the Receiver through the issuance of a Receiver's Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs and Defendants, to carry out the duties and responsibilities of the Receiver, including, without limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in connection with the ordinary course of administration of the Hospital.  Such borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and expenses of the Receiver.  If additional funds are required, then the Receiver shall file a Motion to issue additional Receiver's Certificates and receive further approval by this Court;

(i)     To institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in any state court, federal court or United States Bankruptcy Court as may in the Receiver's opinion be necessary or proper for the protection, maintenance, and preservation of the Estate or for carrying out of the terms of this Order;

(j)     To proceed to analyze the assets of the receivership estate and if warranted in his best business judgment, proceed to find qualified buyers of the assets. The Receiver has the specific power to sell the assets as a "transfer" under 12 O.S. § 1554. The Receiver shall petition the Court for permission to enter into contracts for the

3

disposition of assets that have a value in excess of $10,000, but not for assets whose value is less than or equal to $10,000;

(k)    To reject, and not perform pursuant to, any unexpired leases or executory contracts the Receiver determines to be burdensome to the receivership estate;

(l)    To enter into contracts and agreements necessary or helpful to continue normal operations of the Hospital in the Receiver's name;

(m)    To amend, modify, or terminate any existing contracts affecting or related to the operations of the Hospital;

(n)    To exercise all rights of RHA Anadarko in and to any government-issued permits, certificates, licenses, National Provider Number, Medicare Participation Provider Agreement, Medicare Cost Reports, or other grants of authority; to take all steps necessary to ensure the continued validity of such permits, certificates, numbers, licenses, and agreements; and to take all steps necessary to comply with all requirements, regulations, and laws applicable to the Hospital;

(o)    To provide reports when requested by the Court and as reasonably requested by the parties' counsel;

(p)    To take all other reasonable actions as may be appropriate or necessary, or as this Court may authorize in furtherance of the duties stated above, until further order of this Court; and

(q)    To exercise those powers necessary to implement his conclusions with regard to disposition of this receivership pursuant to the orders and directives of this Court.

5.      The Receiver is authorized to operate the Hospital and any other business of the Estate in its current name, employer identification number, and Medicare and Medicaid numbers

4

and bank accounts. The Receiver shall collect all payments, receivables, reimbursements, revenues, income, issues, royalties, profits and other benefits derived therefrom, including, but not limited to, those paid or payable by Medicare and Medicaid programs and other payors. If the Receiver determines that it is necessary and in the best interests of the Hospital, the Receiver shall be authorized to enter into one or more consulting, administrative, management and/or other support services agreements for the Hospital with firms acceptable to the Receiver upon such terms and conditions as the Receiver deems reasonable, including (without limitation) the provision of consulting, administrative, management and/or other support services, responsibility for care, accounts payable, accounts receivable and monthly financial statements. The Receiver is authorized to pay reasonable compensation to such management firms and reimburse them for reasonable out of pocket costs and expenses.

6.      The Receiver may apply income from the operation of the Estate, as follows: 1) to the Receiver's approved fees and expenses including the Receiver's Certificate; 2) to the current operating expenses of the Receivership in the ordinary course of business; 3) to the obligations owed to any lender under the Loan Documents; and 4) to such other obligations incurred in accordance with the terms of the Court's Order. The Receiver may maintain sufficient cash on hand to enable the Receiver to meet continuing operating expenses, the payment of which is authorized herein, in an amount determined by the Receiver.

7.      The Receiver is authorized to conduct a forensic accounting of RHA Anadarko, including but not limited to property, liabilities, and funds of the Hospital and any prior uses thereof.

8.      RHA Anadarko shall provide the Receiver with a complete accounting of the funds expended from RHA Anadarko and any explanations for the transactions requested by Receiver.

9.      The authority granted to the Receiver will be self-executing, unless the action specifically requires subsequent authorization from the Court.

10.     The Receiver is authorized and directed to obtain and maintain such licenses, permits and certificates, including, but not limited to, Certificates of Need or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Estate. In order to immediately safeguard resident and patient well-being, any state, county, or local regulatory agencies shall issue the Receiver a temporary permit or license while the Receiver proceeds with the process, under applicable state law, of obtaining or preserving all required licenses and permits in a timely manner.

11.     The Receiver is assigned all interests, rights, claims, defenses, causes of action and/or recoveries in which RHA Anadarko has an interest including, but not limited to, the above-captioned litigation, and is hereby authorized, to institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in state or federal courts necessary for the protection, maintenance and preservation of the assets of the Hospital (the "Hospital Assets") and to carry out the terms of the Court's Order Appointing Receiver, including but not limited to the collection of all sums due to RHA Anadarko from the Hospital's operations. In this regard, the Court takes judicial notice of the law applicable to assignments of Medicare and/or Medicaid payments and hereby vests Receiver with the following special rights and authorities related to the collection of any and all sums due to RHA Anadarko from Medicare or Medicaid:

        a.      This Order Appointing Receiver is designated as a Court Order in compliance with 42 U.S.C. § 1395(g)(c) which, in pertinent part, states that nothing in the anti-assignment provisions of 42 U.S.C. § 1395(g) shall be construed to prevent the making of a direct payment in accordance with an assignment from the provider if such assignment . . . is established by or pursuant to the order of a Court of competent jurisdiction.

6

b.     Receiver is hereby provided such Order, and Medicare and/or any servicer administering payments on behalf of Medicare may pay directly to Receiver any and all sums formerly due and payable to RHA Anadarko, Inc.

12.     The Receiver shall have the sole power and authority, consistent with the terms of this Order, (i) to oversee and make all final decisions concerning the financial affairs relating to the Estate, (ii) to remove any existing directors, and identify and appoint qualified individuals to serve as members of the Board of Directors of RHA Anadarko, (iii) to analyze, market, and sell any or all of the Assets or any other property of the Estate, and (iv) to manage and operate the Estate on a daily basis.

13.     Any and all creditors or parties in interest are directed to file **any** actions regarding RHA Anadarko in Lincoln County with the Receiver named as a defendant.

14.     RHA Anadarko, its officers, directors, agents, representatives, servants, employees, managers, members, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with RHA Anadarko, shall promptly deliver to the Receiver:

(a)     The identity of all bank, securities, brokerage, or other accounts to which any rents, fees, proceeds, income or other cash from the Hospital were deposited and all funds contained in any such accounts, along with all internet login and password codes;

(b)     Custody, possession and control of the Hospital, its business operations, and any rents, fees, proceeds, income, and other cash from the Hospital, including all accounts receivable from the operation of the Hospital;

(c)     Custody, possession, and control of all funds, assets, books, and records as are necessary to obtain an accounting of the amount, source, and disposition of rents, fees, proceeds, income, and other cash from the Hospital;

7

(d)    All documents, information, personal property, and other materials and information, including all internet login and password information, necessary to the continued operation of the Hospital and its business operations; and

(e)    Such other information and documentation that the Receiver may deem necessary.

15.    The Receiver is authorized to maintain appropriate real property insurance for the Hospital Assets, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, burglary and theft insurance, malpractice insurance, and other types of insurance normally obtained in connection with the operation and management of the Hospital Assets, and the Receiver is authorized to continue any current policies in place, and to purchase further insurance as the Receiver deems appropriate.

16.    RHA Anadarko, its officers, directors, agents, representatives, servants, employees, members, managers, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with the Hospital, are hereby enjoined directly or indirectly from the following and ordered to:

(a)    refrain from interfering with Receiver taking such custody, control, or possession of the Hospital and its business operations and from interfering in any manner, directly or indirectly, with such custody, possession, and control of said Receiver or the continued operation of the Hospital;

(b)    complete and file such change(s) of information and other notices and filings requested by the Receiver pertaining to Medicare and Medicaid certifications and enrollment, licensure, and notices and filings necessary to remove the current managing, controlling, authorized, and delegated parties, officials, and

8

representatives relating to the Hospital, and substituting the Receiver and his designees;

(c)    fully cooperate with the Receiver and all others to effectuate a smooth and orderly transition of the Hospital and control of its business operations to the Receiver without disruption or impairment of the Hospital or its business operations;

(d)    refrain from doing anything that would disrupt, impair, adversely affect, or otherwise complicate the smooth and orderly transition of the Hospital and control of its operations to the Receiver, or continued and ongoing operations of the Hospital by the Receiver, as contemplated by this Order;

(e)    refrain from terminating or changing the terms of employment of employees working at or for the Hospital, soliciting the employees to cease working at or for the Hospital and Receiver, or otherwise interfering with the employees continued and ongoing work at or for the Hospital and Receiver; and

(f)    refrain from transferring, dissipating, or otherwise disposing of any of the property of the Estate and its proceeds, (ii) transferring, concealing, destroying, or making any other disposition of any personal or corporate assets, including, but not limited to, funds in any bank or brokerage accounts, automobiles, or any other real or personal property owned, possessed, or controlled by any of them, without prior authorization from the Court.

17.    RHA Anadarko, its subsidiaries, officers, directors, agents, representatives, servants, employees, assigns, managers, members, shareholders, attorneys, and all persons acting on its behalf, under its direction and control, shall fully cooperate with and assist the Receiver and take no action, directly or indirectly, to hinder or obstruct the Receiver in the conduct of his duties

9

or to interfere in any manner, directly or indirectly, with the custody, possession, or control exercised by the Receiver. RHA Anadarko shall deliver to the Receiver the originals or true and correct copies of all books, filings, records, contracts, documents, data, and other materials relating to the Hospital, including without limitation: vendor contracts; HIPAA business associate agreements; residency and admissions agreements; resident records; policy and procedure manuals relating to the operation of the Hospital; employment records; employee health and other benefits information, including, without limitation, employee health and benefit plan documents; financial, accounting, tax and corporate records; balance sheets; accounts receivable and accounts payable data; billing and collection data; resident trust funds information; payor contracts; licenses; registrations; accreditations; certifications; certificates of occupancy; other governmental approvals; correspondence, statements of deficiencies, plans of correction and other survey and inspection documentation, reports and other communications with federal and/or state regulators; Medicare and Medicaid contracts, cost reports, certification documentation, National Provider Identifier Numbers, other provider numbers, and Electronic Data Interchange ("EDI") Submitter identification numbers; Electronic Funds Transfer ("EFT") authorization agreements, numbers, and arrangements; website information; warranty and guaranty records; valuations, appraisals and feasibility studies, reports and surveys; environmental, structural, and physical plant audits and reports; architectural and engineering plans, drawings, and specifications; property surveys; title insurance policies; other insurance policies; domain name, trade name, trademark, service mark, and copyright information; telephone and facsimile numbers; email addresses; and all passwords and access codes relating to the foregoing.

18.     **All banks, brokerage firms, or other financial institutions that are served with a copy of this Order shall cooperate with all reasonable requests of the Receiver relating to**

implementation of this Order, including transferring funds at his direction and producing records relating to the accounts of RHA Anadarko or the Hospital and its business operations. Upon presentation of this Order, all persons or entities, including banks, shall turn over all funds, operating bank accounts, and safety deposit boxes related to or associated with the Assets, to the Receiver without undue delay, and shall delete all existing designated signatories on such bank account(s). Facsimile or electronic transmission of a copy of this Order shall constitute service on any such banks, brokerage firms, or other financial institutions.

19.    The Receiver is authorized and directed to obtain such licenses, permits, certificates, or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Hospital.

20.    The Receiver shall have the right to issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate to the extent he deems necessary for the administration of the receivership.

21.    The Receiver is specifically vested with the discretion to be exercised in his business judgment to either continue the operations of the Hospital in their ordinary course to preserve going concern value or to reduce such operations to the point of cessation.

22.    The Receiver is covered by the doctrine of Judicial Immunity and all his actions shall be governed by the Business Judgment Rule. The Receiver shall at all times exercise reasonable care in employing his business judgment to administer the Estate. Unless a loss is compensable by the Receiver's bond, the Receiver shall not be personally responsible for financial losses of the Estate.

11

23.     The Receiver is authorized in his sole discretion and without further order of the Court to remove or abandon any property from the Estate that he deems burdensome or of inconsequential value, whereupon such property shall re-vest in RHA Anadarko. Abandonment shall be effective upon Notice to the parties.

24.     The Receiver's fee shall be $380 per hour plus two percent (2%) of the value of any sale/transfer up to a maximum of $150,000.00. In addition to his hourly fee, the Receiver shall be entitled to reimbursement of reasonable out-of-pocket expenses. The Receiver shall be authorized to utilize others on his staff to assist him in the performance of such duties and shall be compensated for the time reasonably spent by such persons at their normal hourly rates, which range from $50 to $340 per hour. The Receiver may apply to the Court for compensation, from time to time, in a reasonable sum to be determined by the Court. The Receiver is authorized to utilize others on his staff to assist him in the performance of his duties and such staff shall be compensated for the time reasonably spent by such persons at their normal hourly rates in the ordinary course without prior approval of the Court. The Receiver is authorized to hire management and staff to manage and operate the Hospitals or retain existing management, which shall be deemed an expense of the receivership. The Receiver is authorized to retain any professionals deemed appropriate in his sole discretion such as attorneys, accountants, or appraisers (collectively the "Professionals") and shall be entitled to reimbursement for reasonable out-of-pocket costs and expenses including the reasonable fees, costs, and expenses of the Professionals to the extent required by the Receiver in connection with the performance of his duties as specified herein, which may be modified by order of the Court upon proper motion, after notice and a hearing. Unless otherwise ordered by the Court, the employment and payment of Professionals and the out-of-pocket expenses shall not be subject to prior approval by the Court

25.     The Receiver shall have as of the entry of this Order a valid and perfected lien on the Assets that are the subject of this Order to secure payment to the Receiver of the fees and expenses of the Receiver that are approved by this Court (the "Receiver's Lien"). The Receiver's Lien granted hereby shall be a first lien with priority over all other liens, claims, and interests. Dismissal of this case shall not affect the nature, extent, or validity of the Receiver's Lien and shall be ineffective to divest this Court of jurisdiction to hear and approve any requested fees and expenses of the Receiver and to discharge the Receiver and any bond.

26.     In order to promote judicial efficiency, all persons who receive actual or constructive notice of this Order are enjoined in any way from disturbing or in any way interfering with the Receiver's administration of the Estate or from commencing or prosecuting any proceedings (including collection or enforcement proceedings) that involve the Receiver or the Estate, unless such person or persons first obtains the permission of this Court or the Receiver, provided, however, Plaintiffs may complete their case. All Parties and any other entity given notice of this Order are hereby enjoined from any and all of the following: (1) the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other action or proceeding against the Assets, the Estate or the Receiver that was or could have been commenced before the entry of this Order, or to recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; (2) any act to obtain possession of, or to exercise control over, the Estate; (3) any act to create, perfect, or enforce any lien against the Estate; (4) any act to create, perfect, or enforce against the Estate any lien to the extent that such lien secures a claim that arose before the entry of this Order; (5) any act to collect, assess, or recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; or (6) the setoff of any debt owing to the Estate that arose before the entry of this Order

13

against any claim owing from the Estate or the Receiver. Further, the officers, directors, agents, representatives, servants, managers, members assigns, attorneys, and/or shareholders and all those acting in concert with RHA Anadarko are specifically restrained and enjoined from interfering in any way and/or taking any action (a) inconsistent with the terms of this Order, or (b) not expressly authorized by the by-laws or articles of incorporation of the RHA Anadarko as those documents were constituted as of the entry of this Order.

27.     The injunctive relief granted herein may be modified or waived only by order of this Court upon proper motion, after notice and a hearing.

28.     The Receiver may, in his reasonable discretion, assume or reject any contracts or leases entered into by RHA Anadarko related to the Estate, as provided for in *Sunflower Oil Co. v. Wilson*, 142 U.S. 313, 322, 12 S. Ct. 235, 237, 35 L. Ed. 1025 (1892) and *U.S. Trust Co. v. Wabash W. Ry. Co.*, 150 U.S. 287, 299-300, 14 S. Ct. 86, 90, 37 L. Ed. 1085 (1893). The Receiver is authorized to: 1) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of operating the Hospital and the Estate; 2) modify existing leases, occupancy agreements, and contracts in the ordinary course of the business; 3) pay all utilities, expenses, and other obligations secured by the assets of the Estate or which may give rise to liens on the same, and all other outstanding obligations to suppliers and services in the ordinary course of business, including obligations incurred prior to the commencement of the receivership, so long as the Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; 4) make repairs necessary to the maintenance of the Estate in order to preserve the same in the ordinary course of business; and 5) comply with all requirements and regulations applicable to the Estate.

14

29.     The Receiver shall not be bound by any contracts, agreements, understandings, or other commitments which RHA Anadarko had, or may have had, with third parties, whether oral or written. Nothing in this Order constitutes, or shall be construed to constitute, an assumption by the Receiver of any of the contracts or agreements currently existing with respect to the Estate, or the waiver by the Receiver of any default under any such contract or agreement.

30.     This Court explicitly retains jurisdiction, despite any attempted dismissal, to hear and rule on receivership-related issues. *See Brown v. R. L. Bivings*, 316 P.2d 855 (Okla. 1957).

31.     The Receiver shall provide reports when requested by the Court and as reasonably requested by the parties' counsel.

32.     The Receiver shall serve until further order of the Court terminating this receivership. The Receiver may resign his position only upon thirty (30) days written notice to all parties of record and upon approval of the Court.

33.     Utility companies and other providers of utility services, including without limitation, electricity, gas, water, sewage, waste water, recycling services, refuse, garbage, television/cable, and telephone are directed not to demand security deposits or to discontinue service. The utility companies and other providers are also directed to assist in all requests made by the Receiver and/or his staff in relation to any accounts in the name of RHA Anadarko or the Hospital and all the addresses associated therewith. These requests include but are not limited to the commencement or cessation of utility service, the transfer of utility service or deposits into the receivership estate, and any other requests made to assist the Receiver in his duties.

34.     The Receiver may but shall not be obligated in any manner to prepare or file any delinquent, current, or future state or federal income tax returns and shall not be individually held personally responsible for any local, state, or federal income, property, payroll or other taxes of

15

RHA Anadarko or the Hospital except for payroll or sales taxes incurred as a result of the Receiver's administration of the receivership estate. The receivership estate shall not constitute a separate or new taxpayer.

35.    The Receiver is empowered to file a voluntary petition for relief pursuant to 11 U.S.C. §301 et seq. for RHA Anadarko if such is deemed appropriate in the sole discretion of the Receiver in the exercise of his business judgment. RHA Anadarko's officers, directors, agents, representatives, servants, employees, managers, members, and/or shareholders and all those acting in concert with RHA Anadarko are specifically prohibited from taking any action inconsistent with the terms of this Order and from authorizing any action by RHA Anadarko inconsistent with their respective by-laws or operating agreements as of the entry of this Order.

36.    RHA Anadarko shall provide notice of this Order to each of its officers, directors, agents, representatives, servants, employees, managers, members, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with RHA Anadarko.

37.    Communications between counsel for Receiver (if any) and Receiver are privileged, not subject to any exceptions to the attorney-client privilege. For purposes of this paragraph, the "Receiver" includes all persons engaged by the Receiver to assist him in the administration of this receivership.

38.    The Court reserves the right to modify and supplement this Order from time to time as may be deemed necessary and advisable.

39.    Any person or entity filing any pleading or document in this case shall serve the Receiver with such pleading or document and shall inform the Receiver of all related hearing dates.

40.    The Receiver may, at any time, apply to this Court for further or other instructions or for modification of this Order or for further powers necessary to enable the Receiver to perform his duties and administer the Estate in accordance with this Order, and this Order may be modified and supplemented from time to time as the Court may deem necessary and advisable.

41.    If any or all of the provisions of this Order are hereafter modified, vacated, or stayed, such modification, vacation, or stay shall not affect the validity or enforceability of the lien, priority, or other protections authorized or created hereby. Notwithstanding any such modification, vacation, or stay, the Receiver shall be entitled to all of the rights, remedies, privileges, and benefits granted herein.

42.    To the extent permitted by law, the provisions of this Order shall be binding upon all of the parties, their respective successors and assigns, including any trustee hereinafter appointed as a representative of the Estate in any subsequent proceedings under the Bankruptcy Code, and all creditors of RHA Anadarko and other parties in interest.

43.    **ALL PERSONS HAVING NOTICE OF THIS ORDER ARE HEREBY ADVISED THAT THE TERMS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, THE INJUNCTIVE RELIEF GRANTED HEREIN, SHALL BE ENFORCEABLE BY CONTEMPT AS WELL AS ANY OTHER MEANS AUTHORIZED BY LAW.**

ENTERED THIS _____ day of October, 2020 at _____ o'clock ____.m. CST.


_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
LINCOLN COUNTY DISTRICT JUDGE

17

Approved for Entry:

_____

J. Clay Christensen (OBA #11789)
Lisa M. Molsbee
Jonathan M. Miles (OBA #31152)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 NW 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile:  (405) 228-1113
clay@christensenlawgroup.com
lisa@christensenlawgroup.com
jon@christensenlawgroup.com

-and-

Christopher Tayback (California Bar No. 145532)
Kristen Bird (California Bar No. 192863)
Jordan Alexander (California Bar No. 305112)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristenbird@quinnemanuel.com
jordanalexander@quinnemanuel.com
Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFFS**

Mitchell D. Blackburn (OBA #12217)
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
mblackburn@cwlaw.com

-and-

Martin L. Monaco, Jr. (NY Bar No. 5527171)
Richard Brosnick (NY Bar. No. 2829919)
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
martin.monaco@akerman.com
richard.brosnick@akerman.com
*Pro Hac Vice Admission to be sought*

**ATTORNEYS FOR DEFENDANTS**


Approved for Entry:



C. David Rhoades, Receiver
401 S. Boston Avenue, Suite 2320
Tulsa, OK 74103
(918)728-3340
(918) 582-7070 (fax)
cdrhoades@turnaroundpro.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of October, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
Christensen Law Group, P.L.L.C.
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Richard Brosnick
Akerman, LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Christopher Tayback
Kristen Bird
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

_____
C. David Rhoades, Receiver

20

**IN THE DISTRICT COURT OF LINCOLN COUNTY**
**STATE OF OKLAHOMA**

RURAL HOSPITAL ACQUISITION, LLC, and ) 
FIRST PHYSICIANS REALTY GROUP, LLC, )
           )
           Plaintiffs, )
           )
v.                         ) Case No. CJ-2020-00031
           ) Judge Cynthia Ferrell Ashwood
           )
RHA STROUD, INC., and RHA ANADARKO, INC.; )
           )
           Defendants. )

## STROUD RECEIVER'S CERTIFICATE

### $150,000.00

WHEREAS, in the above-captioned cause, the Honorable Cynthia Ferrell Ashwood, by

order dated _____, 2020, duly appointed C. David Rhoades as Receiver over

the entity and assets of RHA Stroud, Inc. (herein known as the "Stroud Hospital").

WHEREAS, said Receiver is authorized, empowered and directed by the Court to:

"...borrow funds if deemed necessary by the Receiver through the issuance of a Receiver's Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs and Defendants, to carry out the duties and responsibilities of the Receiver, including, without limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in connection with the ordinary course of administration of the Hospital. Such borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and expenses of the Receiver. If additional funds are required, then the Receiver shall file a Motion to issue additional Receiver's Certificates and receive further approval by this Court."

And, for the purpose of preserving and maintaining the value of the Stroud Hospital, the

Court, by order dated _____ day of _____, 2020, authorized, directed and empowered

the said Receiver to issue a Receiver Certificate, to a lender defined by the Receiver, for a

revolving line of credit not to exceed the principal sum of $150,000.00, bearing interest at the

prime rate, as defined by the *Wall Street Journal*, with no prepayment penalties and a required

minimum balance not to be less than $1.00. The Court further decreed that said Receiver's

**EXHIBIT**
**3**

Certificate should be a first lien and superior to all right, title, interest and claims of all parties to said litigation as the Stroud Hospital; and

WHEREAS, the said C. David Rhoades, as Receiver, will borrow and receive from a lender of his choice, a revolving line of credit with the principal sum not to exceed $150,000.00 to be used for said purpose.

NOW, THEREFORE, I, as Receiver of said Stroud Hospital do hereby promise to pay to lender the principal sum of the amount actually outstanding but not to exceed $150,000.00 out of and from the proceeds that may come into my hands as such Receiver from the sale of said Stroud Hospital, or from other sources, together with interest thereon at the prime rate, as defined by the *Wall Street Journal*, from and after the date of the first draw on the revolving line of credit, until paid, and I do further certify that, under and by virtue of said Order of said Court, the indebtedness evidenced hereby is and constitutes a first lien upon said Mortgaged Properties, prior to any claim, right, or estate of any of the parties or any intervenors to said action, subject only to the expenses of the Receiver.

IN WITNESS WHEREOF, I have subscribed my name, the day and year first above written, as such Receiver.

_____
C. David Rhoades, Receiver
401 South Boston, Suite 2320
Tulsa, OK 74103
Phone: 918/728-3340
Fax: 918/582-7070

ABOVE RECEIVER'S CERTIFICATE APPROVED THIS _____ DAY OF

_____, 2020.

_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
JUDGE OF THE DISTRICT COURT

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ____ day of _____, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
T.P. Howell
Lisa Molsbee
Jonathan Miles
The Christensen Firm
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116
(405) 232-2020

**ATTORNEYS FOR PLAINTIFF**

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Kristen Bird
Christopher Tayback
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017


_____
C. David Rhoades, Receiver

3

**IN THE DISTRICT COURT OF LINCOLN COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| RURAL HOSPITAL ACQUISITION, LLC, and<br>FIRST PHYSICIANS REALTY GROUP, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CJ-2020-00031<br>) Judge Cynthia Ferrell Ashwood<br>) |
| RHA STROUD, INC., and RHA ANADARKO, INC.; | )<br>) |
| Defendants. | ) |

## ANADARKO RECEIVER'S CERTIFICATE

### $150,000.00

WHEREAS, in the above-captioned cause, the Honorable Cynthia Ferrell Ashwood, by

order dated _____, 2020, duly appointed C. David Rhoades as Receiver over

the entity and assets of RHA Anadarko, Inc. (herein known as the "Anadarko Hospital").

WHEREAS, said Receiver is authorized, empowered and directed by the Court to:

"…borrow funds if deemed necessary by the Receiver through the issuance of a
Receiver's Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable
to Plaintiffs and Defendants, to carry out the duties and responsibilities of the Receiver,
including, without limitation, to defray the operating costs of the Hospital and to defray any
expenses incurred in connection with the ordinary course of administration of the Hospital. Such
borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees
and expenses of the Receiver. If additional funds are required, then the Receiver shall file a
Motion to issue additional Receiver's Certificates and receive further approval by this Court."

And, for the purpose of preserving and maintaining the value of the Anadarko Hospital,

the Court, by order dated _____ day of _____, 2020, authorized, directed and

empowered the said Receiver to issue a Receiver Certificate, to a lender defined by the Receiver,

for a revolving line of credit not to exceed the principal sum of $150,000.00, bearing interest at

the prime rate, as defined by the *Wall Street Journal*, with no prepayment penalties and a

required minimum balance not to be less than $1.00. The Court further decreed that said

EXHIBIT
_____

Receiver's Certificate should be a first lien and superior to all right, title, interest and claims of all parties to said litigation as the Anadarko Hospital; and

WHEREAS, the said C. David Rhoades, as Receiver, will borrow and receive from a lender of his choice, a revolving line of credit with the principal sum not to exceed $150,000.00 to be used for said purpose.

NOW, THEREFORE, I, as Receiver of said Anadarko Hospital do hereby promise to pay to lender the principal sum of the amount actually outstanding but not to exceed $150,000.00 out of and from the proceeds that may come into my hands as such Receiver from the sale of said Anadarko Hospital, or from other sources, together with interest thereon at the prime rate, as defined by the *Wall Street Journal*, from and after the date of the first draw on the revolving line of credit, until paid, and I do further certify that, under and by virtue of said Order of said Court, the indebtedness evidenced hereby is and constitutes a first lien upon said Mortgaged Properties, prior to any claim, right, or estate of any of the parties or any intervenors to said action, subject only to the expenses of the Receiver.

IN WITNESS WHEREOF, I have subscribed my name, the day and year first above written, as such Receiver.

_____
C. David Rhoades, Receiver
401 South Boston, Suite 2320
Tulsa, OK 74103
Phone: 918/728-3340
Fax: 918/582-7070

ABOVE RECEIVER'S CERTIFICATE APPROVED THIS _____ DAY OF

_____, 2020.

_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
JUDGE OF THE DISTRICT COURT

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ____ day of _____, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
T.P. Howell
Lisa Molsbee
Jonathan Miles
The Christensen Firm
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116
(405) 232-2020

**ATTORNEYS FOR PLAINTIFF**

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Kristen Bird
Christopher Tayback
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

_____
C. David Rhoades, Receiver

3

## IN THE DISTRICT COURT OF LINCOLN COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| RURAL HOSPITAL ACQUISITION, LLC, and<br>FIRST PHYSICIANS REALTY GROUP, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. CJ-20-31<br>(Judge Ashwood) |
| v. | ) ) | |
| RHA STROUD, INC., AND RHA ANADARKO, INC., | ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| FIRST PHYSICIANS BUSINESS SOLUTIONS, LLC,<br>FIRST PHYSICIANS SERVICES, LLC<br>FIRST PHYSICIANS RESOURCES, LLC and<br>FIRST PHYSICIANS CAPITAL GROUP, INC. | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## ORDER APPOINTING RECEIVER FOR DEFENDANT RHA STROUD, INC.

On the 14th day of September, 2020, before the undersigned Judge of the District Court in

and for Lincoln County, State of Oklahoma, the Plaintiff's Petition and Emergency Application

for Appointment of Receiver and Injunctive Relief (the "Application")[1] filed by Plaintiffs Rural

Hospital Acquisition, LLC ("RH Acquisition") and First Physicians Realty Group, LLC ("FP

Realty") on February 24, 2020, came on before the Court for hearing. Having reviewed the

pleadings and evidence submitted to the Court, and having heard and considered the arguments of

counsel, the Court granted the Application, and further finds as follows:

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

    1.    Effective immediately, pursuant to the provisions of 12 O.S. § 1551 *et seq.*, C.

David Rhoades (the "Receiver") is appointed as Receiver for the entity RHA Stroud, Inc. ("RHA

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.



**EXHIBIT**
5

Stroud," also known as Stroud Regional Medical Center) (the "Hospital"), its assets and its business operations (collectively, the "Estate"). The Estate encompasses all rights of RHA Stroud as a going concern business and all rights of RHA Stroud in and to any assets in which RHA Stroud has any right, title or interest, including, without limitation, all rights of RHA Stroud to conduct its business as a hospital facility licensed by the State of Oklahoma.

2.     RHA Stroud and its agents shall immediately and promptly deliver to the Receiver immediate and complete access to, and control over RHA Stroud, the Hospital, and the Estate.

3.     The Receiver's appointment shall become effective upon the filing herein by the Receiver of a bond of $2,000,000.00, conditioned as provided by law, and the filing herein of his oath as Receiver as provided by law.

4.     The Receiver is specifically given direction and authority to accomplish the following regarding RHA Stroud, the Hospital, and the Estate:

(a)     To take custody, control and possession of the Hospital;

(b)     To protect the health, safety, and welfare of the patients of the Hospital;

(c)     To conserve, hold, operate, and manage the Hospital, to prevent any irreparable loss, damage or injury to the Hospital;

(d)     To collect all rents, fees, charges, and other income generated by the Hospital through the operation of the Hospital;

(e)     To make such payments and disbursements as may be necessary and advisable in the ordinary course of business for the preservation and operation of the Hospital; provided, however, (i) no payments or disbursements may be made to Plaintiffs upon the obligations which are the subject of this action or any arbitration proceedings subsequently initiated in connection therewith (the "Action") without

2

prior approval of the Court; and (ii) no payments or disbursements may be made to Third-Party Defendants (Plaintiffs, the Hospitals, and Third-Party Defendants are collectively referred to as the "Parties") except as consistent with the practice of the Parties immediately prior to the appointment of the Receiver;

(f)    To retain and employ attorneys, accountants, and other persons as may be advisable or necessary in the management, conduct, control, or custody of the Hospital on the terms more specifically set forth hereafter; provided, however, the Receiver shall provide the Parties with no less than ten (10) business days written notice of the identity of any such person and the proposed terms and conditions of such retention and employment;

(g)    To borrow funds if reasonably deemed necessary by the Receiver through the issuance of a Receiver's Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs and Defendants, to carry out the duties and responsibilities of the Receiver, including, without limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in connection with the ordinary course of administration of the Hospital; provided, however, any proposed borrowing in excess of $25,000 shall be only with prior approval of the Court. Such borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and expenses of the Receiver. If additional funds are required, then the Receiver shall file a Motion to issue additional Receiver's Certificates and receive further approval by this Court;

(h)    Except for the Action, to institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in

3

such actions or proceedings in any state court, federal court or United States Bankruptcy Court as may in the Receiver's opinion be reasonably necessary or proper for the protection, maintenance, and preservation of the Estate or for carrying out of the terms of this Order;

(i)    The Receiver has the specific power to sell the assets as a "transfer" under 12 O.S. § 1554; provided, however, the Receiver shall petition the Court for permission to enter into contracts for the disposition of assets that have a value in excess of $10,000, but not for assets whose value is less than or equal to $10,000;

(j)    To enter into contracts and agreements in the Receiver's name as are necessary or helpful to continue normal operations of the Hospital in the ordinary course of the Hospital's business;

(k)    To exercise all rights of RHA Stroud in and to any government-issued permits, certificates, licenses, National Provider Number, Medicare Participation Provider Agreement, Medicare Cost Reports, or other grants of authority which are necessary to ensure the continued validity of such permits, certificates, numbers, licenses, and agreements; and to take all steps necessary to comply with all requirements, regulations, and laws applicable to the Hospital; and

(l)    To provide reports when requested by the Court and as reasonably requested by the parties' counsel;

5.    The Receiver is authorized to operate the Hospital and any other business of the Estate in its current name, employer identification number, and Medicare and Medicaid numbers and bank accounts. The Receiver shall collect all payments, receivables, reimbursements,

revenues, income, issues, royalties, profits and other benefits derived therefrom, including, but not limited to, those paid or payable by Medicare and Medicaid programs and other payors.

      6.    The Receiver may apply income from the operation of the Estate, as follows: 1) to the Receiver's approved fees and expenses including the Receiver's Certificate; 2) to the current operating expenses of the Receivership in the ordinary course of business; and 3) to such other obligations incurred in accordance with the terms of the Court's Order. The Receiver may maintain sufficient cash on hand to enable the Receiver to meet continuing operating expenses, the payment of which is authorized herein, in an amount determined by the Receiver.

      7.    The authority granted to the Receiver will be self-executing unless the action specifically requires prior or subsequent authorization from the Court.

      8.    The Receiver is authorized and directed to obtain and maintain such licenses, permits and certificates, including, but not limited to, Certificates of Need or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Estate. In order to immediately safeguard resident and patient well-being, any state, county, or local regulatory agencies shall issue the Receiver a temporary permit or license while the Receiver proceeds with the process, under applicable state law, of obtaining or preserving all required licenses and permits in a timely manner.

      9.    Except for the interests, rights, claims, defenses, causes of action and/or recoveries arising out of or relating to the Action, the Receiver is assigned all interests, rights, claims, defenses, causes of action and/or recoveries in which RHA Stroud has an interest and is hereby authorized, to institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in state or federal courts as is reasonably necessary for the protection, maintenance and preservation of the

assets of the Hospital (the "Hospital Assets") and to carry out the terms of the Court's Order Appointing Receiver, including but not limited to the collection of all sums due to RHA Stroud from the Hospital's operations. In this regard, the Court takes judicial notice of the law applicable to assignments of Medicare and/or Medicaid payments and hereby vests Receiver with the following special rights and authorities related to the collection of any and all sums due to RHA Stroud from Medicare or Medicaid:

     a.     This Order Appointing Receiver is designated as a Court Order in compliance with 42 U.S.C. § 1395(g)(c) which, in pertinent part, states that nothing in the anti-assignment provisions of 42 U.S.C. § 1395(g) shall be construed to prevent the making of a direct payment in accordance with an assignment from the provider if such assignment . . . is established by or pursuant to the order of a Court of competent jurisdiction.

     b.     Receiver is hereby provided such Order, and Medicare and/or any servicer administering payments on behalf of Medicare may pay directly to Receiver any and all sums formerly due and payable to RHA Stroud, Inc.

10.     Except as provided herein, the Receiver shall have the sole power and authority, consistent with the terms of this Order, to oversee and make all final decisions concerning the financial affairs relating to the Estate, and to manage and operate the Estate on a daily basis.

11.     Except for the Action, any and all creditors or parties in interest are directed to file **any** actions regarding RHA Stroud in Lincoln County with the Receiver named as a defendant.

12.     The Receiver is authorized to maintain appropriate real property insurance for the Hospital Assets, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, burglary and theft insurance, malpractice insurance, and other types of insurance normally obtained in connection with the operation and management of the Hospital Assets, and the Receiver is authorized to continue any current policies in place, and to purchase further insurance as the Receiver deems appropriate.

13.     RHA Stroud, its officers, directors, agents, representatives, servants, employees, members, managers, assigns, attorneys, shareholders, and all persons acting on its behalf, under

its direction and control, and/or in active concert or participation with the Hospital, are hereby enjoined directly or indirectly from the following and ordered to:

    (a)    complete and file such change(s) of information and other notices and filings reasonably requested by the Receiver pertaining to Medicare and Medicaid certifications and enrollment, licensure, and notices and filings necessary to remove the current managing, controlling, authorized, and delegated parties, officials, and representatives relating to the Hospital, and substituting the Receiver and his designees; and

    (b)    reasonably cooperate with the Receiver and all others to effectuate a smooth and orderly transition of the Hospital and control of its business operations to the Receiver without disruption or impairment of the Hospital or its business operations.

14.    RHA Stroud, its subsidiaries, officers, directors, agents, representatives, servants, employees, assigns, managers, members, shareholders, attorneys, and all persons acting on its behalf, under its direction and control, shall reasonably cooperate with and assist the Receiver.

15.    **All banks, brokerage firms, or other financial institutions that are served with a copy of this Order shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his direction and producing records relating to the accounts of RHA Stroud or the Hospital and its business operations. Upon presentation of this Order, all persons or entities, including banks, shall turn over all funds, operating bank accounts, and safety deposit boxes related to or associated with the Assets, to the Receiver without undue delay,** and shall delete all existing designated signatories

7

on such bank account(s). Facsimile or electronic transmission of a copy of this Order shall constitute service on any such banks, brokerage firms, or other financial institutions.

16.    The Receiver is authorized and directed to obtain such licenses, permits, certificates, or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Hospital.

17.    The Receiver is covered by the doctrine of Judicial Immunity and all his actions shall be governed by the Business Judgment Rule. The Receiver shall at all times exercise reasonable care in employing his business judgment to administer the Estate.

18.    The Receiver's fee shall be $300 per hour.  In addition to his hourly fee, the Receiver shall be entitled to reimbursement of reasonable out-of-pocket expenses. The Receiver shall be authorized to utilize others on his staff to assist him in the performance of such duties and shall be compensated for the time reasonably spent by such persons at their normal hourly rates, which range from $50 to $260 per hour. The Receiver may apply to the Court for compensation, from time to time, in a reasonable sum to be determined by the Court.

19.    The Receiver shall have as of the entry of this Order a valid and perfected lien on the Assets that are the subject of this Order to secure payment to the Receiver of the fees and expenses of the Receiver that are approved by this Court (the "Receiver's Lien"). The Receiver's Lien granted hereby shall be a first lien with priority over all other liens, claims, and interests. Dismissal of this case shall not affect the nature, extent, or validity of the Receiver's Lien and shall be ineffective to divest this Court of jurisdiction to hear and approve any requested fees and expenses of the Receiver and to discharge the Receiver and any bond.

20.    In order to promote judicial efficiency, all persons who receive actual notice of this Order are enjoined in any way from disturbing or in any way interfering with the Receiver's

8

administration of the Estate or from commencing or prosecuting any proceedings (including collection or enforcement proceedings) that involve the Receiver or the Estate, unless such person or persons first obtains the permission of this Court or the Receiver, provided, however, the Parties may complete their case. Except for the Action, all Parties and any other entity given notice of this Order are hereby enjoined from any and all of the following: (1) the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other action or proceeding against the Assets, the Estate or the Receiver that was or could have been commenced before the entry of this Order, or to recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; (2) any act to obtain possession of, or to exercise control over, the Estate; (3) any act to create, perfect, or enforce any lien against the Estate; (4) any act to create, perfect, or enforce against the Estate any lien to the extent that such lien secures a claim that arose before the entry of this Order; (5) any act to collect, assess, or recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; or (6) the setoff of any debt owing to the Estate that arose before the entry of this Order against any claim owing from the Estate or the Receiver.

21.	The injunctive relief granted herein may be modified or waived only by order of this Court upon proper motion, after notice and a hearing.

22.	The Receiver is authorized to: 1) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of operating the Hospital and the Estate; 2) modify existing leases, occupancy agreements, and contracts in the ordinary course of operating the Hospital and the Estate; 3) pay all utilities, expenses, and other obligations secured by the assets of the Estate or which may give rise to liens on the same (except for those which are the subject of the Action), and all other outstanding obligations to suppliers and services in the ordinary course

9

of business, including obligations incurred prior to the commencement of the receivership, so long as the Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; 4) make repairs necessary to the maintenance of the Estate in order to preserve the same in the ordinary course of business; and 5) comply with all requirements and regulations applicable to the Estate.

23.     This Court explicitly retains jurisdiction, despite any attempted dismissal, to hear and rule on receivership-related issues. *See Brown v. R. L. Bivings*, 316 P.2d 855 (Okla. 1957).

24.     The Receiver shall provide reports when requested by the Court and as reasonably requested by the parties' counsel.

25.     The Receiver shall serve until further order of the Court terminating this receivership. The Receiver may resign his position only upon thirty (30) days written notice to all parties of record and upon approval of the Court.

26.     Utility companies and other providers of utility services, including without limitation, electricity, gas, water, sewage, waste water, recycling services, refuse, garbage, television/cable, and telephone are directed not to demand security deposits or to discontinue service. The utility companies and other providers are also directed to assist in all requests made by the Receiver and/or his staff in relation to any accounts in the name of RHA Stroud or the Hospital and all the addresses associated therewith. These requests include but are not limited to the commencement or cessation of utility service, the transfer of utility service or deposits into the receivership estate, and any other requests made to assist the Receiver in his duties.

27.     The Receiver shall prepare or file any delinquent, current, or future state or federal income tax returns but shall not be individually held personally responsible for any local, state, or federal income, property, payroll or other taxes of RHA Stroud or the Hospital except for payroll

10

or sales taxes incurred as a result of the Receiver's administration of the receivership estate. The receivership estate shall not constitute a separate or new taxpayer.

28.    The Court reserves the right to modify and supplement this Order from time to time as may be deemed necessary and advisable.

29.    Any person or entity filing any pleading or document in this case shall serve the Receiver with such pleading or document and shall inform the Receiver of all related hearing dates.

30.    The Receiver may, at any time, apply to this Court for further or other instructions or for modification of this Order or for further powers necessary to enable the Receiver to perform his duties and administer the Estate in accordance with this Order, and this Order may be modified and supplemented from time to time as the Court may deem necessary and advisable.

31.    **ALL PERSONS HAVING NOTICE OF THIS ORDER ARE HEREBY ADVISED THAT THE TERMS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, THE INJUNCTIVE RELIEF GRANTED HEREIN, SHALL BE ENFORCEABLE BY CONTEMPT AS WELL AS ANY OTHER MEANS AUTHORIZED BY LAW.**

ENTERED THIS _____ day of October, 2020 at _____ o'clock ____:m. CST.

_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
LINCOLN COUNTY DISTRICT JUDGE

11

Approved for Entry:

_____

J. Clay Christensen (OBA #11789)
Lisa M. Molsbee
Jonathan M. Miles (OBA #31152)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 NW 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile:  (405) 228-1113
clay@christensenlawgroup.com
lisa@christensenlawgroup.com
jon@christensenlawgroup.com

-and-

Christopher Tayback (California Bar No. 145532)
Kristen Bird (California Bar No. 192863)
Jordan Alexander (California Bar No. 305112)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristenbird@quinnemanuel.com
jordanalexander@quinnemanuel.com
Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFFS**

12

Mitchell D. Blackburn (OBA #12217)
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
mblackburn@cwlaw.com

-and-

Martin L. Monaco, Jr. (NY Bar No. 5527171)
Richard Brosnick (NY Bar. No. 2829919)
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
martin.monaco@akerman.com
richard.brosnick@akerman.com
*Pro Hac Vice Admission to be sought*

**ATTORNEYS FOR DEFENDANTS**


Approved for Entry:


C. David Rhoades, Receiver
401 S. Boston Avenue, Suite 2320
Tulsa, OK 74103
(918)728-3340
(918) 582-7070 (fax)
cdrhoades@turnaroundpro.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of October, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
Christensen Law Group, P.L.L.C.
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Richard Brosnick
Akerman, LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Christopher Tayback
Kristen Bird
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017


_____
C. David Rhoades, Receiver

14

## IN THE DISTRICT COURT OF LINCOLN COUNTY
## STATE OF OKLAHOMA

RURAL HOSPITAL ACQUISITION, LLC, and )
FIRST PHYSICIANS REALTY GROUP, LLC, )
                                       )
                **Plaintiffs,** )
                                         )
v.                                      ) Case No. CJ-2020-00031
                                         ) Judge Cynthia Ferrell Ashwood
                                         )
RHA STROUD, INC., and RHA ANADARKO, INC.; )
                                         )
                **Defendants.** )

### STROUD RECEIVER'S CERTIFICATE

### $150,000.00

      WHEREAS, in the above-captioned cause, the Honorable Cynthia Ferrell Ashwood, by

order dated _____, 2020, duly appointed C. David Rhoades as Receiver over

the entity and assets of RHA Stroud, Inc. (herein known as the "Stroud Hospital").

      WHEREAS, said Receiver is authorized, empowered and directed by the Court to:

      "…borrow funds if deemed necessary by the Receiver through the issuance of a Receiver's
Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs
and Defendants, to carry out the duties and responsibilities of the Receiver, including, without
limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in
connection with the ordinary course of administration of the Hospital; provided, however, any
proposed borrowing in excess of $25,000 shall be only with prior approval of the Court. Such
borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and
expenses of the Receiver. If additional funds are required, then the Receiver shall file a Motion to
issue additional Receiver's Certificates and receive further approval by this Court."

      And, for the purpose of preserving and maintaining the value of the Stroud Hospital, the

Court, by order dated _____ day of _____, 2020, authorized, directed and empowered the

said Receiver to issue a Receiver Certificate, to a lender defined by the Receiver, for a revolving

line of credit not to exceed the principal sum of $150,000.00, bearing interest at the prime rate, as

defined by the *Wall Street Journal*, with no prepayment penalties and a required minimum balance

not to be less than $1.00. The Court further decreed that said Receiver's Certificate sho

**EXHIBIT**
6

first lien and superior to all right, title, interest and claims of all parties to said litigation as the Stroud Hospital; and

WHEREAS, the said C. David Rhoades, as Receiver, will borrow and receive from a lender of his choice, a revolving line of credit with the principal sum not to exceed $150,000.00 to be used for said purpose.

NOW, THEREFORE, I, as Receiver of said Stroud Hospital do hereby promise to pay to lender the principal sum of the amount actually outstanding but not to exceed $150,000.00 out of and from the proceeds that may come into my hands as such Receiver from the sale of said Stroud Hospital, or from other sources, together with interest thereon at the prime rate, as defined by the *Wall Street Journal*, from and after the date of the first draw on the revolving line of credit, until paid, and I do further certify that, under and by virtue of said Order of said Court, the indebtedness evidenced hereby is and constitutes a first lien upon said Mortgaged Properties, prior to any claim, right, or estate of any of the parties or any intervenors to said action, subject only to the expenses of the Receiver.

IN WITNESS WHEREOF, I have subscribed my name, the day and year first above written, as such Receiver.

                    _____

                    C. David Rhoades, Receiver
                    401 South Boston, Suite 2320
                    Tulsa, OK 74103
                    Phone: 918/728-3340
                    Fax: 918/582-7070

ABOVE RECEIVER'S CERTIFICATE APPROVED THIS _____ DAY OF

_____, 2020.

                    _____

                    THE HONORABLE CYNTHIA FERRELL ASHWOOD
                    JUDGE OF THE DISTRICT COURT

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of _____, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
T.P. Howell
Lisa Molsbee
Jonathan Miles
The Christensen Firm
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116
(405) 232-2020

**ATTORNEYS FOR PLAINTIFF**

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Kristen Bird
Christopher Tayback
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017


_____
C. David Rhoades, Receiver

3

IN THE DISTRICT COURT OF LINCOLN COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| RURAL HOSPITAL ACQUISITION, LLC, and FIRST PHYSICIANS REALTY GROUP, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. CJ-20-31 (Judge Ashwood) |
| v. | ) ) | |
| RHA STROUD, INC., AND RHA ANADARKO, INC., | ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| FIRST PHYSICIANS BUSINESS SOLUTIONS, LLC, FIRST PHYSICIANS SERVICES, LLC FIRST PHYSICIANS RESOURCES, LLC and FIRST PHYSICIANS CAPITAL GROUP, INC. | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## ORDER APPOINTING RECEIVER FOR DEFENDANT RHA STROUD, INC.

On the 14th day of September, 2020, before the undersigned Judge of the District Court in and for Lincoln County, State of Oklahoma, the Plaintiff's Petition and Emergency Application for Appointment of Receiver and Injunctive Relief (the "Application")[1] filed by Plaintiffs Rural Hospital Acquisition, LLC ("RH Acquisition") and First Physicians Realty Group, LLC ("FP Realty") on February 24, 2020, came on before the Court for hearing. Having reviewed the pleadings and evidence submitted to the Court, and having heard and considered the arguments of counsel, the Court granted the Application, and further finds as follows:

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.     Effective immediately, pursuant to the provisions of 12 O.S. § 1551 *et seq.*, C. David Rhoades (the "Receiver") is appointed as Receiver for the entity RHA Stroud, Inc. ("RHA

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

EXHIBIT
7

Stroud," also known as Stroud Regional Medical Center) (the "Hospital"), its assets and its business operations (collectively, the "Estate"). The Estate encompasses all rights of RHA Stroud as a going concern business and all rights of RHA Stroud in and to any assets in which RHA Stroud has any right, title or interest, including, without limitation, all rights of RHA Stroud to conduct its business as a hospital facility licensed by the State of Oklahoma.

2.     RHA Stroud and its agents shall immediately and promptly deliver to the Receiver immediate and complete access to, and control over RHA Stroud, the Hospital, and the Estate.

3.     The Receiver's appointment shall become effective upon the filing herein by the Receiver of a bond of $~~1~~2,000,000.00, conditioned as provided by law, and the filing herein of his oath as Receiver as provided by law.

4.     ~~The Receiver shall have all the powers of a receiver as provided for in 12 O.S. §~~ ~~1551 et seq.~~ The Receiver is specifically given direction and authority to accomplish the following regarding RHA Stroud, the Hospital, and the Estate:

(a)     To take custody, control and possession of the Hospital;

(b)     To protect the health, safety, and welfare of the patients of the Hospital;

(c)     To conserve, hold, operate, and manage the Hospital, to prevent any irreparable loss, damage or injury to the Hospital~~.~~;

~~(d)     To hire a competent management company of his choice, upon Court order;~~

(e(d))     To collect all rents, fees, charges, and other income generated by the Hospital through the operation of the Hospital;

(f(e))     To make such payments and disbursements as may be necessary and advisable in the ordinary course of business for the preservation and operation of the Hospital; provided, however, (i) no payments or disbursements may be made to Plaintiffs

2

upon the obligations which are the subject of this action or any arbitration proceedings subsequently initiated in connection therewith (the "Action") without prior approval of the Court; and (ii) no payments or disbursements may be made to Third-Party Defendants (Plaintiffs, the Hospitals, and Third-Party Defendants are collectively referred to as the "Parties") except as consistent with the practice of the Parties immediately prior to the appointment of the Receiver;

(gf)   To retain and employ attorneys, accountants, and other persons as may be advisable or necessary in the management, conduct, control, or custody of the Hospital on the terms more specifically set forth hereafter; provided, however, the Receiver shall provide the Parties with no less than ten (10) business days written notice of the identity of any such person and the proposed terms and conditions of such retention and employment;

(hg)   To borrow funds if reasonably deemed necessary by the Receiver through the issuance of a Receiver's Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs and Defendants, to carry out the duties and responsibilities of the Receiver, including, without limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in connection with the ordinary course of administration of the Hospital.; provided, however, any proposed borrowing in excess of $25,000 shall be only with prior approval of the Court. Such borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and expenses of the Receiver. If additional funds are required, then the Receiver shall file a Motion to issue additional Receiver's Certificates and receive further approval by this Court;

3

(i)  To h)  Except for the Action, to institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in any state court, federal court or United States Bankruptcy Court as may in the Receiver's opinion be reasonably necessary or proper for the protection, maintenance, and preservation of the Estate or for carrying out of the terms of this Order;

(j)  To proceed to analyze the assets of the receivership estate and if warranted in his best business judgment, proceed to find qualified buyers of the assets. i)  The Receiver has the specific power to sell the assets as a "transfer" under 12 O.S. § 1554. The: provided, however, the Receiver shall petition the Court for permission to enter into contracts for the disposition of assets that have a value in excess of $10,000, but not for assets whose value is less than or equal to $10,000;

(k)  To reject, and not perform pursuant to, any unexpired leases or executory contracts the Receiver determines to be burdensome to the receivership estate;

(l j)  To enter into contracts and agreements in the Receiver's name as are necessary or helpful to continue normal operations of the Hospital in the Receiver's name;

(m)  To amend, modify, or terminate any existing contracts affecting or related to the operations ordinary course of the Hospital Hospital's business;

(n k)  To exercise all rights of RHA Stroud in and to any government-issued permits, certificates, licenses, National Provider Number, Medicare Participation Provider Agreement, Medicare Cost Reports, or other grants of authority; to take all steps which are necessary to ensure the continued validity of such permits, certificates,

4

numbers, licenses, and agreements; and to take all steps necessary to comply with all requirements, regulations, and laws applicable to the Hospital; and

(o) To provide reports when requested by the Court and as reasonably requested by the parties' counsel;

(p)    To take all other reasonable actions as may be appropriate or necessary, or as this Court may authorize in furtherance of the duties stated above, until further order of this Court; and

(q)    To exercise those powers necessary to implement his conclusions with regard to disposition of this receivership pursuant to the orders and directives of this Court.

5.    The Receiver is authorized to operate the Hospital and any other business of the Estate in its current name, employer identification number, and Medicare and Medicaid numbers and bank accounts. The Receiver shall collect all payments, receivables, reimbursements, revenues, income, issues, royalties, profits and other benefits derived therefrom, including, but not limited to, those paid or payable by Medicare and Medicaid programs and other payors. If the Receiver determines that it is necessary and in the best interests of the Hospital, the Receiver shall be authorized to enter into one or more consulting, administrative, management and/or other support services agreements for the Hospital with firms acceptable to the Receiver upon such terms and conditions as the Receiver deems reasonable, including (without limitation) the provision of consulting, administrative, management and/or other support services, responsibility for care, accounts payable, accounts receivable and monthly financial statements. The Receiver is authorized to pay reasonable compensation to such management firms and reimburse them for reasonable out of pocket costs and expenses.

6.    The Receiver may apply income from the operation of the Estate, as follows: 1) to the Receiver's approved fees and expenses including the Receiver's Certificate; 2) to the current operating expenses of the Receivership in the ordinary course of business; 3) to the obligations owed to any lender under the Loan Documents; and 4and 3) to such other obligations incurred in accordance with the terms of the Court's Order. The Receiver may maintain sufficient cash on hand to enable the Receiver to meet continuing operating expenses, the payment of which is authorized herein, in an amount determined by the Receiver.

7.    The Receiver is authorized to conduct a forensic accounting of RHA Stroud, including but not limited to property, liabilities, and funds of the Hospital and any prior uses thereof.

8.    RHA Stroud shall provide the Receiver with a complete accounting of the funds expended from RHA Stroud and any explanations for the transactions requested by Receiver.

9.    The authority granted to the Receiver will be self-executing, unless the action specifically requires prior or subsequent authorization from the Court.

108.    The Receiver is authorized and directed to obtain and maintain such licenses, permits and certificates, including, but not limited to, Certificates of Need or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Estate. In order to immediately safeguard resident and patient well-being, any state, county, or local regulatory agencies shall issue the Receiver a temporary permit or license while the Receiver proceeds with the process, under applicable state law, of obtaining or preserving all required licenses and permits in a timely manner.

9.    Except for the interests, rights, claims, defenses, causes of action and/or recoveries arising out of or relating to the Action, the11.    The Receiver is assigned all interests, rights,

6

claims, defenses, causes of action and/or recoveries in which RHA Stroud has an interest ~~including, but not limited to, the above-captioned litigation,~~ and is hereby authorized, to institute, prosecute, defend, compromise, settle, adjust, and/or intervene in or become a party to or otherwise control litigation strategy in such actions or proceedings in state or federal courts as is reasonably necessary for the protection, maintenance and preservation of the assets of the Hospital (the "Hospital Assets") and to carry out the terms of the Court's Order Appointing Receiver, including but not limited to the collection of all sums due to RHA Stroud from the Hospital's operations. In this regard, the Court takes judicial notice of the law applicable to assignments of Medicare and/or Medicaid payments and hereby vests Receiver with the following special rights and authorities related to the collection of any and all sums due to RHA Stroud from Medicare or Medicaid:

    a.    This Order Appointing Receiver is designated as a Court Order in compliance with 42 U.S.C. § 1395(g)(c) which, in pertinent part, states that nothing in the anti-assignment provisions of 42 U.S.C. § 1395(g) shall be construed to prevent the making of a direct payment in accordance with an assignment from the provider if such assignment . . . is established by or pursuant to the order of a Court of competent jurisdiction.

    b.    Receiver is hereby provided such Order, and Medicare and/or any servicer administering payments on behalf of Medicare may pay directly to Receiver any and all sums formerly due and payable to RHA Stroud, Inc.

12.  ~~The~~10. Except as provided herein, the Receiver shall have the sole power and authority, consistent with the terms of this Order, (i) to oversee and make all final decisions concerning the financial affairs relating to the Estate, ~~(ii) to remove any existing directors, and identify and appoint qualified individuals to serve as members of the Board of Directors of RHA Stroud, (iii) to analyze, market, and sell any or all of the Assets or any other property of the Estate, and (iv)~~and to manage and operate the Estate on a daily basis.

11.  ~~13.~~  ~~Any~~Except for the Action, any and all creditors or parties in interest are directed to file **any** actions regarding RHA Stroud in Lincoln County with the Receiver named as a defendant.

14.    RHA Stroud, its officers, directors, agents, representatives, servants, employees, managers, members, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with RHA Stroud, shall promptly deliver to the Receiver:

(a)    The identity of all bank, securities, brokerage, or other accounts to which any rents, fees, proceeds, income or other cash from the Hospital were deposited and all funds contained in any such accounts, along with all internet login and password codes;

(b)    Custody, possession and control of the Hospital, its business operations, and any rents, fees, proceeds, income, and other cash from the Hospital, including all accounts receivable from the operation of the Hospital;

(c)    Custody, possession, and control of all funds, assets, books, and records as are necessary to obtain an accounting of the amount, source, and disposition of rents, fees, proceeds, income, and other cash from the Hospital;

(d)    All documents, information, personal property, and other materials and information, including all internet login and password information, necessary to the continued operation of the Hospital and its business operations; and

(e)    Such other information and documentation that the Receiver may deem necessary.

~~15~~12.    The Receiver is authorized to maintain appropriate real property insurance for the Hospital Assets, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, burglary and theft insurance, malpractice insurance, and other types of insurance normally obtained in connection with the operation and management of the Hospital Assets, and the Receiver is authorized to continue any current policies in place, and to purchase further insurance as the Receiver deems appropriate.

8

~~16~~13.  RHA Stroud, its officers, directors, agents, representatives, servants, employees, members, managers, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with the Hospital, are hereby enjoined directly or indirectly from the following and ordered to:

(a) ~~refrain from interfering with Receiver taking such custody, control, or possession of the Hospital and its business operations and from interfering in any manner, directly or indirectly, with such custody, possession, and control of said Receiver or the continued operation of the Hospital;~~

~~(b~~(a)  complete and file such change(s) of information and other notices and filings <u>reasonably</u> requested by the Receiver pertaining to Medicare and Medicaid certifications and enrollment, licensure, and notices and filings necessary to remove the current managing, controlling, authorized, and delegated parties, officials, and representatives relating to the Hospital, and substituting the Receiver and his designees<u>; and</u>

~~(c)~~ ~~fully~~(b)  <u>reasonably</u> cooperate with the Receiver and all others to effectuate a smooth and orderly transition of the Hospital and control of its business operations to the Receiver without disruption or impairment of the Hospital or its business operations<u>.</u>~~;~~

(d) ~~refrain from doing anything that would disrupt, impair, adversely affect, or otherwise complicate the smooth and orderly transition of the Hospital and control of its operations to the Receiver, or continued and ongoing operations of the Hospital by the Receiver, as contemplated by this Order;~~

9

(e)     refrain from terminating or changing the terms of employment of employees working at or for the Hospital, soliciting the employees to cease working at or for the Hospital and Receiver, or otherwise interfering with the employees continued and ongoing work at or for the Hospital and Receiver; and

(f)     refrain from transferring, dissipating, or otherwise disposing of any of the property of the Estate and its proceeds, (ii) transferring, concealing, destroying, or making any other disposition of any personal or corporate assets, including, but not limited to, funds in any bank or brokerage accounts, automobiles, or any other real or personal property owned, possessed, or controlled by any of them, without prior authorization from the Court.

17.     RHA Stroud, its subsidiaries, officers, directors, agents, representatives, servants, employees, assigns, managers, members, shareholders, attorneys, and all persons acting on its behalf, under its direction and control, shall fully cooperate with and assist the Receiver and take no action, directly or indirectly, to hinder or obstruct the Receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, or control exercised by the Receiver. RHA Stroud shall deliver to the Receiver the originals or true and correct copies of all books, filings, records, contracts, documents, data, and other materials relating to the Hospital, including without limitation, vendor contracts; HIPAA business associate agreements; residency and admissions agreements; resident records; policy and procedure manuals relating to the operation of the Hospital; employment records; employee health and other benefits information, including, without limitation, employee health and benefit plan documents; financial, accounting, tax and corporate records; balance sheets; accounts receivable and accounts payable data; billing and collection data; resident trust funds information; payor contracts; licenses;

10

registrations; accreditations; certifications; certificates of occupancy; other governmental approvals; correspondence, statements of deficiencies, plans of correction and other survey and inspection documentation, reports and other communications with federal and/or state regulators; Medicare and Medicaid contracts, cost reports, certification documentation, National Provider Identifier Numbers, other provider numbers, and Electronic Data Interchange ("EDI") Submitter identification numbers; Electronic Funds Transfer ("EFT") authorization agreements, numbers, and arrangements; website information; warranty and guaranty records; valuations, appraisals and feasibility studies, reports and surveys; environmental, structural, and physical plant audits and reports; architectural and engineering plans, drawings, and specifications; property surveys; title insurance policies; other insurance policies; domain name, trade name, trademark, service-mark, and copyright information; telephone and facsimile numbers; email addresses; and all passwords and access codes relating to the foregoing.

18 14.   RHA Stroud, its subsidiaries, officers, directors, agents, representatives, servants, employees, assigns, managers, members, shareholders, attorneys, and all persons acting on its behalf, under its direction and control, shall reasonably cooperate with and assist the Receiver.

15.   **All banks, brokerage firms, or other financial institutions that are served with a copy of this Order shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his direction and producing records relating to the accounts of RHA Stroud or the Hospital and its business operations. Upon presentation of this Order, all persons or entities, including banks, shall turn over all funds, operating bank accounts, and safety deposit boxes related to or associated with the Assets, to the Receiver without undue delay, and shall delete all existing designated signatories**

11

on such bank account(s). Facsimile or electronic transmission of a copy of this Order shall constitute service on any such banks, brokerage firms, or other financial institutions.

~~19~~16. The Receiver is authorized and directed to obtain such licenses, permits, certificates, or other authorizations as may be required under state, federal, or local law to operate, maintain, and collect the revenues and income generated by the Hospital.

~~20.    The Receiver shall have the right to issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate to the extent he deems necessary for the administration of the receivership.~~

~~21.    The Receiver is specifically vested with the discretion to be exercised in his business judgment to either continue the operations of the Hospital in their ordinary course to preserve going concern value or to reduce such operations to the point of cessation.~~

~~22~~17. The Receiver is covered by the doctrine of Judicial Immunity and all his actions shall be governed by the Business Judgment Rule. The Receiver shall at all times exercise reasonable care in employing his business judgment to administer the Estate. ~~Unless a loss is compensable by the Receiver's bond, the Receiver shall not be personally responsible for financial losses of the Estate.~~

~~23.    The Receiver is authorized in his sole discretion and without further order of the Court to remove or abandon any property from the Estate that he deems burdensome or of inconsequential value, whereupon such property shall re-vest in RHA Stroud. Abandonment shall be effective upon Notice to the parties.~~

~~24~~18. The Receiver's fee shall be $~~380~~300 per hour ~~plus two percent (2%) of the value of any sale/transfer up to a maximum of $150,000.00.~~ In addition to his hourly fee, the Receiver shall be entitled to reimbursement of reasonable out-of-pocket expenses. The Receiver shall be

12

authorized to utilize others on his staff to assist him in the performance of such duties and shall be compensated for the time reasonably spent by such persons at their normal hourly rates, which range from $50 to $~~340~~260 per hour. The Receiver may apply to the Court for compensation, from time to time, in a reasonable sum to be determined by the Court. ~~The Receiver is authorized to utilize others on his staff to assist him in the performance of his duties and such staff shall be compensated for the time reasonably spent by such persons at their normal hourly rates in the ordinary course without prior approval of the Court. The Receiver is authorized to hire management and staff to manage and operate the Hospitals or retain existing management, which shall be deemed an expense of the receivership. The Receiver is authorized to retain any professionals deemed appropriate in his sole discretion such as attorneys, accountants, or appraisers (collectively the "Professionals") and shall be entitled to reimbursement for reasonable out-of-pocket costs and expenses including the reasonable fees, costs, and expenses of the Professionals to the extent required by the Receiver in connection with the performance of his duties as specified herein, which may be modified by order of the Court upon proper motion, after notice and a hearing. Unless otherwise ordered by the Court, the employment and payment of Professionals and the out-of-pocket expenses shall not be subject to prior approval by the Court~~

        ~~25~~19.   The Receiver shall have as of the entry of this Order a valid and perfected lien on the Assets that are the subject of this Order to secure payment to the Receiver of the fees and expenses of the Receiver that are approved by this Court (the "Receiver's Lien"). The Receiver's Lien granted hereby shall be a first lien with priority over all other liens, claims, and interests. Dismissal of this case shall not affect the nature, extent, or validity of the Receiver's Lien and shall be ineffective to divest this Court of jurisdiction to hear and approve any requested fees and expenses of the Receiver and to discharge the Receiver and any bond.

13

2620. In order to promote judicial efficiency, all persons who receive actual—or constructive notice of this Order are enjoined in any way from disturbing or in any way interfering with the Receiver's administration of the Estate or from commencing or prosecuting any proceedings (including collection or enforcement proceedings) that involve the Receiver or the Estate, unless such person or persons first obtains the permission of this Court or the Receiver, provided, however, Plaintiffsthe Parties may complete their case. AllExcept for the Action, all Parties and any other entity given notice of this Order are hereby enjoined from any and all of the following: (1) the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other action or proceeding against the Assets, the Estate or the Receiver that was or could have been commenced before the entry of this Order, or to recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; (2) any act to obtain possession of, or to exercise control over, the Estate; (3) any act to create, perfect, or enforce any lien against the Estate; (4) any act to create, perfect, or enforce against the Estate any lien to the extent that such lien secures a claim that arose before the entry of this Order; (5) any act to collect, assess, or recover a claim against the Assets, the Estate or the Receiver that arose before the entry of this Order; or (6) the setoff of any debt owing to the Estate that arose before the entry of this Order against any claim owing from the Estate or the Receiver. Further, the officers, directors, agents, representatives, servants, managers, members assigns, attorneys, and/or shareholders and all those acting in concert with RHA Stroud are specifically restrained and enjoined from interfering in any way and/or taking any action (a) inconsistent with the terms of this Order, or (b) not expressly authorized by the by-laws or articles of incorporation of the RHA Stroud as those documents were constituted as of the entry of this Order.

14

2721.  The injunctive relief granted herein may be modified or waived only by order of this Court upon proper motion, after notice and a hearing.

28.    The Receiver may, in his reasonable discretion, assume or reject any contracts or leases entered into by RHA Stroud related to the Estate, as provided for in *Sunflower Oil Co. v. Wilson*, 142 U.S. 313, 322, 12 S. Ct. 235, 237, 35 L. Ed. 1025 (1892) and *U.S. Trust Co. v. Wabash W. Ry. Co.*, 150 U.S. 287, 299-300, 14 S. Ct. 86, 90, 37 L. Ed. 1085 (1893). 22.    The   Receiver is authorized to: 1) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of operating the Hospital and the Estate; 2) modify existing leases, occupancy agreements, and contracts in the ordinary course of operating the businessHospital and the Estate; 3) pay all utilities, expenses, and other obligations secured by the assets of the Estate or which may give rise to liens on the same, (except for those which are the subject of the Action), and all other outstanding obligations to suppliers and services in the ordinary course of business, including obligations incurred prior to the commencement of the receivership, so long as the Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; 4) make repairs necessary to the maintenance of the Estate in order to preserve the same in the ordinary course of business; and 5) comply with all requirements and regulations applicable to the Estate.

29.    The Receiver shall not be bound by any contracts, agreements, understandings, or other commitments which RHA Stroud had, or may have had, with third parties, whether oral or written.  Nothing in this Order constitutes, or shall be construed to constitute, an assumption by the Receiver of any of the contracts or agreements currently existing with respect to the Estate, or the waiver by the Receiver of any default under any such contract or agreement.

15

30~~23~~. This Court explicitly retains jurisdiction, despite any attempted dismissal, to hear and rule on receivership-related issues. *See Brown v. R. L. Bivings*, 316 P.2d 855 (Okla. 1957).

31~~24~~. The Receiver shall provide reports when requested by the Court and as reasonably requested by the parties' counsel.

32~~25~~. The Receiver shall serve until further order of the Court terminating this receivership. The Receiver may resign his position only upon thirty (30) days written notice to all parties of record and upon approval of the Court.

33~~26~~. Utility companies and other providers of utility services, including without limitation, electricity, gas, water, sewage, waste water, recycling services, refuse, garbage, television/cable, and telephone are directed not to demand security deposits or to discontinue service. The utility companies and other providers are also directed to assist in all requests made by the Receiver and/or his staff in relation to any accounts in the name of RHA Stroud or the Hospital and all the addresses associated therewith. These requests include but are not limited to the commencement or cessation of utility service, the transfer of utility service or deposits into the receivership estate, and any other requests made to assist the Receiver in his duties.

34~~27~~. The Receiver ~~may but shall not be obligated in any manner to~~shall prepare or file any delinquent, current, or future state or federal income tax returns ~~and~~but shall not be individually held personally responsible for any local, state, or federal income, property, payroll or other taxes of RHA Stroud or the Hospital except for payroll or sales taxes incurred as a result of the Receiver's administration of the receivership estate. The receivership estate shall not constitute a separate or new taxpayer.

~~35.     The Receiver is empowered to file a voluntary petition for relief pursuant to 11 U.S.C. §301 et seq. for RHA Stroud if such is deemed appropriate in the sole discretion of the~~

16

~~Receiver in the exercise of his business judgment. RHA Stroud's officers, directors, agents, representatives, servants, employees, managers, members, and/or shareholders and all those acting in concert with RHA Stroud are specifically prohibited from taking any action inconsistent with the terms of this Order and from authorizing any action by RHA Stroud inconsistent with their respective by-laws or operating agreements as of the entry of this Order.~~

~~36.    RHA Stroud shall provide notice of this Order to each of its officers, directors, agents, representatives, servants, employees, managers, members, assigns, attorneys, shareholders, and all persons acting on its behalf, under its direction and control, and/or in active concert or participation with RHA Stroud.~~

~~37.    Communications between counsel for Receiver (if any) and Receiver are privileged, not subject to any exceptions to the attorney-client privilege. For purposes of this paragraph, the "Receiver" includes all persons engaged by the Receiver to assist him in the administration of this receivership.~~

~~38~~28.    The Court reserves the right to modify and supplement this Order from time to time as may be deemed necessary and advisable.

~~39~~29.    Any person or entity filing any pleading or document in this case shall serve the Receiver with such pleading or document and shall inform the Receiver of all related hearing dates.

~~40~~30.    The Receiver may, at any time, apply to this Court for further or other instructions or for modification of this Order or for further powers necessary to enable the Receiver to perform his duties and administer the Estate in accordance with this Order, and this Order may be modified and supplemented from time to time as the Court may deem necessary and advisable.

~~41.    If any or all of the provisions of this Order are hereafter modified, vacated, or stayed, such modification, vacation, or stay shall not affect the validity or enforceability of the~~

~~lien, priority, or other protections authorized or created hereby. Notwithstanding any such modification, vacation, or stay, the Receiver shall be entitled to all of the rights, remedies, privileges, and benefits granted herein.~~

~~42.    To the extent permitted by law, the provisions of this Order shall be binding upon all of the parties, their respective successors and assigns, including any trustee hereinafter appointed as a representative of the Estate in any subsequent proceedings under the Bankruptcy Code, and all creditors of RHA Stroud and other parties in interest.~~

~~43~~31. **ALL PERSONS HAVING NOTICE OF THIS ORDER ARE HEREBY ADVISED THAT THE TERMS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, THE INJUNCTIVE RELIEF GRANTED HEREIN, SHALL BE ENFORCEABLE BY CONTEMPT AS WELL AS ANY OTHER MEANS AUTHORIZED BY LAW.**

ENTERED THIS _____ day of October, 2020 at _____ o'clock _____.m. CST.

_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
LINCOLN COUNTY DISTRICT JUDGE

18

Approved for Entry:


_____
J. Clay Christensen (OBA #11789)
Lisa M. Molsbee
Jonathan M. Miles (OBA #31152)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 NW 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile:  (405) 228-1113
clay@christensenlawgroup.com
lisa@christensenlawgroup.com
jon@christensenlawgroup.com

-and-

Christopher Tayback (California Bar No. 145532)
Kristen Bird (California Bar No. 192863)
Jordan Alexander (California Bar No. 305112)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristenbird@quinnemanuel.com
jordanalexander@quinnemanuel.com
Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFFS**

Mitchell D. Blackburn (OBA #12217)
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
mblackburn@cwlaw.com

-and-

Martin L. Monaco, Jr. (NY Bar No. 5527171)
Richard Brosnick (NY Bar. No. 2829919)
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
martin.monaco@akerman.com
richard.brosnick@akerman.com
*Pro Hac Vice Admission to be sought*

**ATTORNEYS FOR DEFENDANTS**

Approved for Entry:

C. David Rhoades, Receiver
401 S. Boston Avenue, Suite 2320
Tulsa, OK 74103
(918)728-3340
(918) 582-7070 (fax)
cdrhoades@turnaroundpro.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of October, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
Christensen Law Group, P.L.L.C.
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Richard Brosnick
Akerman, LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Christopher Tayback
Kristen Bird
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

_____
C. David Rhoades, Receiver

Formatted Table

**IN THE DISTRICT COURT OF LINCOLN COUNTY**
**STATE OF OKLAHOMA**

RURAL HOSPITAL ACQUISITION, LLC, and )
FIRST PHYSICIANS REALTY GROUP, LLC, )
                                     )
           Plaintiffs, )
                                       )
v. )  Case No. CJ-2020-00031
                                       )  Judge Cynthia Ferrell Ashwood
                                       )
RHA STROUD, INC., and RHA ANADARKO, INC.; )
                                       )
           Defendants. )

**STROUD RECEIVER'S CERTIFICATE**

**$150,000.00**

WHEREAS, in the above-captioned cause, the Honorable Cynthia Ferrell Ashwood, by

order dated _____, 2020, duly appointed C. David Rhoades as Receiver over

the entity and assets of RHA Stroud, Inc. (herein known as the "Stroud Hospital").

WHEREAS, said Receiver is authorized, empowered and directed by the Court to:

"...borrow funds if deemed necessary by the Receiver through the issuance of a Receiver's
Certificate up to $150,000 from a lender of the Receiver's choice, on terms agreeable to Plaintiffs
and Defendants, to carry out the duties and responsibilities of the Receiver, including, without
limitation, to defray the operating costs of the Hospital and to defray any expenses incurred in
connection with the ordinary course of administration of the Hospital.; provided, however, any
proposed borrowing in excess of $25,000 shall be only with prior approval of the Court.  Such
borrowed funds shall be secured by a first priority lien on the Hospital, subject only to the fees and
expenses of the Receiver.  If additional funds are required, then the Receiver shall file a Motion to
issue additional Receiver's Certificates and receive further approval by this Court."

And, for the purpose of preserving and maintaining the value of the Stroud Hospital, the

Court, by order dated _____ day of _____, 2020, authorized, directed and empowered the

said Receiver to issue a Receiver Certificate, to a lender defined by the Receiver, for a revolving

line of credit not to exceed the principal sum of $150,000.00, bearing interest at the prime rate, as

defined by the *Wall Street Journal*, with no prepayment penalties and a required minimum balance

not to be less than $1.00.  The Court further decreed that said Receiver's Certificate should be a

EXHIBIT

8

first lien and superior to all right, title, interest and claims of all parties to said litigation as the Stroud Hospital; and

WHEREAS, the said C. David Rhoades, as Receiver, will borrow and receive from a lender of his choice, a revolving line of credit with the principal sum not to exceed $150,000.00 to be used for said purpose.

NOW, THEREFORE, I, as Receiver of said Stroud Hospital do hereby promise to pay to lender the principal sum of the amount actually outstanding but not to exceed $150,000.00 out of and from the proceeds that may come into my hands as such Receiver from the sale of said Stroud Hospital, or from other sources, together with interest thereon at the prime rate, as defined by the *Wall Street Journal*, from and after the date of the first draw on the revolving line of credit, until paid, and I do further certify that, under and by virtue of said Order of said Court, the indebtedness evidenced hereby is and constitutes a first lien upon said Mortgaged Properties, prior to any claim, right, or estate of any of the parties or any intervenors to said action, subject only to the expenses of the Receiver.

IN WITNESS WHEREOF, I have subscribed my name, the day and year first above written, as such Receiver.

_____
C. David Rhoades, Receiver
401 South Boston, Suite 2320
Tulsa, OK 74103
Phone: 918/728-3340
Fax: 918/582-7070

ABOVE RECEIVER'S CERTIFICATE APPROVED THIS _____ DAY OF

_____, 2020.

_____
THE HONORABLE CYNTHIA FERRELL ASHWOOD
JUDGE OF THE DISTRICT COURT

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of _____, 2020, a true and correct copy of the above and foregoing instrument was mailed by regular First-Class mail, verified email, or fax to the following:

J. Clay Christensen
T.P. Howell
Lisa Molsbee
Jonathan Miles
The Christensen Firm
3401 NW 63rd Street, Suite 600
Oklahoma City, OK 73116
(405) 232-2020

**ATTORNEYS FOR PLAINTIFF**

RHA Stroud, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

RHA Anadarko, Inc.
c/o Charles Eldridge
13161 Barret Hill Circle
Santa Ana, CA 92705

Mitchell Blackburn
Conner & Winters
211 North Robinson
1700 One Leadership Square
Oklahoma City, OK 73102

Kyle Batter
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065

Kristen Bird
Christopher Tayback
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

Formatted Table

_____
C. David Rhoades, Receiver

3