UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re. | ) Case No.: 20-13482-SAH |
| | ) Chapter 11 |
| **RHA Stroud, Inc.,**[1] | ) |
| | ) [Jointly Administered] |
| Debtor. | ) |
| _____ | ) |

**MOTION OF THE UNITED STATES TRUSTEE FOR DETERMINATION THAT THE DEBTORS ARE HEALTH CARE BUSINESSES AND DIRECTING THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN AND NOTICE OF OPPORTUNITY OF HEARING**

**I. NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document**. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

**II. MOTION**

The United States Trustee ("**UST**"), moves the Court for a determination that the debtors are each a "health care business" and an order directing the UST to appoint a Patient Care

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification number is: RHA Stroud, Inc. (2635) and RHA Anadarko, Inc. (2528).  The principal place of business for the Debtors is 2308 Highway 66 West, Stroud, OK 74079 and 1002 East Central Blvd. Anadarko, OK 73005.

1

Ombudsman ("**PCO**"), with appropriate provisions for the payment of the PCO.   In support of this motion, the UST states:

1. The debtor RHA Stroud, Inc. filed its voluntary petition seeking relief under chapter 11 of the of the Bankruptcy Code[2] on October 25, 2020.   RHA Stroud, Inc. is doing business as Stroud Regional Medical Center.

2. The debtor RHA Anadarko, Inc. filed its voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on October 25, 2020.   RHA Anadarko, Inc. is doing business as the Physicians Hospital in Anadarko.

3. An order of joint administration was entered for these cases on November 3, 2020.   Docket #50.

**The Debtors are Health Care Businesses**:

4. In the voluntary petitions the debtors acknowledge they are health care businesses as defined in section 101(27A).

5. Moreover, Charles M. Eldridge ("Eldridge"), the president and CEO of the debtors filed his Declaration in support of first day motions with this Court on October 25, 2020 (Docket #6).   In his declaration, Eldridge states that the "hospitals provide quality health services to the rural communities of Stroud and Anadarko".   This declaration is enough to conclude and find that the debtors' operations fall under the "health care business" definition set forth in section 101(27A).

6. Accordingly, the Court should determine the debtors are health care businesses as defined in section 101(27A) of the Bankruptcy Code.

**Appointment of a Patient Care Ombudsman:**

7. Section 333 and Rule 2007.2 of the FED. R. BANKR. P. provide a patient care ombudsman shall be appointed in the case of a health care business unless the Court finds that "the appointment of a patient care ombudsman is not necessary under the specific circumstances of this case."

8. The fundamental emphasis of this motion is the need for this Court to direct the

---

[2] All statutory references shall refer to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless otherwise stated.

2

appointment of a patient care ombudsman pursuant to section 333. Section 333 of the Bankruptcy Code is applicable to a health care business and provides:

> If the debtor in a case under chapter 7, 9, 11 is a health care business, the ***court shall order***, not later than 30 days after the commencement of the case, the appointment of an ombudsman ***to monitor the quality of patient care and to represent the interests of the patients*** of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case. (emphasis added).

The provisions of section 333 are mandatory and the debtor has the burden of proof to show that a PCO is not necessary.

9. The debtors are currently involved in a dispute with the secured lender, Rural Hospital Acquisitions LLC ("RH Acquisitions") which, among other things, provides management services for these two hospitals. As a result, the debtors' patients may be at risk because of the delay in the appointment of a PCO. Obviously, Congress' intent under section 333 is to protect patients who have little control or input in the bankruptcy process. The appointment of a PCO is a layer of protection for the debtors' patients.

10. Accordingly, the UST requests this Court direct the appointment of a PCO under the facts and circumstances of this case.

**Compensation of the Patient Care Ombudsman:**

11. The UST proposes the appointed PCO receive a $5,000 initial retainer which is evergreen in nature. The evergreen nature of the retainer should provide that the retainer amount shall be replenished to the $5,000 initial level within a reasonable period of time after compensation and reimbursement of expenses are awarded to the PCO by this Court.

12. The UST contends the PCO – a neutral representative serving for the benefit of all parties in interest in the case, the Court and especially the debtors' patients – should not be exposed to the potential vagaries which may arise in the debtors' bankruptcy case.

WHEREFORE, based on the foregoing, the United States Trustee respectfully requests this Court to enter an order finding and concluding that:

a. the debtors are each a "health care business" as defined in section 101(27A) of the Bankruptcy Code;

b. directing the UST to appoint a patient care ombudsman pursuant to section 333;

c. establishing an appropriate initial retainer with a replenishing (evergreen) feature for payment of the services of the patient care ombudsman;

d. and for such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Marjorie J. Creasey
Marjorie J. Creasey, OBA #17819
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK   73102
(405) 231-4393/231-5958 [fax]
Marjorie.Creasey@usdoj.gov

## CERTIFICATE OF MAILING

This is to certify, under penalty of perjury, that on November 9, 2020, the above and foregoing motion was mailed, postage prepaid, to those parties in interest set forth on the mailing matrix accompanying the original motion filed with the Court.

s/ Marjorie J. Creasey
Marjorie J. Creasey, OBA #17819