**Dated: November 20, 2020**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re. ) | Case No.: 20-13482-SAH |
| ) | Chapter 11 |
| RHA Stroud, Inc.,[1] ) | |
| ) | [Jointly Administered] |
| Debtor. ) | |
| _____ ) | |

**ORDER (I) ESTABLISHING PROCEDURES FOR PAYMENT
OF CRITICAL VENDORS AND (II) SCHEDULING A FINAL HEARING**

THIS CASE came on for hearing on November 20, 2020 on the Debtors' *Expedited Motion Pursuant to 11 U.S.C. §§ 105 and 1107(a) for Entry of Interim and Final Orders Establishing Critical Vendor Payment Procedures* (Doc. No. 120) in the above styled and numbered chapter 11 cases ("Motion")[2]. The Court finds that notice of the Motion was proper. Pursuant to the Court's

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: RHA Stroud, Inc. (2635) and RHA Anadarko, Inc. (2528). The principal place of business for the Debtors is 2308 Highway 66 West, Stroud, OK 74079 and 1002 East Central Blvd. Anadarko, OK 73005, respectively.
[2] Capitalized Terms used but not defined herein shall have the meanings ascribed to them in the Motion.

55456159;2

*Order Granting Debtors' Amended Application for Entry of Order (I) Shortening Time For Objection Deadline And (II) Setting Expedited Hearing on Debtors' Expedited Motion Pursuant to 11 U.S.C. §§ 105(A) and 1107(a) for Entry of Interim and Final Orders Establishing Critical Vendor Payment Procedures* [Doc. No. 117], responses to the Motion were due on or before Wednesday, November 18, 2020 at 4:00 p.m. (C.S.T.), and an interim hearing on the Motion was set for hearing November 20, 2020 at 1:30 p.m. (C.S.T.) (the "Interim Hearing"). The only timely responses filed to the Motion were:

    a.) *United States Trustee's Response to Debtor's Expedited Motion Pursuant to 11 USC 105(a) and 1107(a) for Entry of Interim and Final Orders Establishing Critical Vendor Payment Procedures and Notice of Opportunity for Hearing* [Doc. No. 144] (the "UST Response"), and

    b.) *Limited Response and Objection of FP Group to Debtors' Expedited Motion Pursuant to 11 U.S.C. §§ 105(a) and 1107(a) for Entry of Interim and Final Orders Establishing Critical Vendor Payment Procedures and Notice of Opportunity for Hearing* [Doc. No. 120] (the "FP Group Limited Objection").

At the Interim Hearing, the parties announced to the Court that they had resolved all disagreements regarding the Motion, the UST Response, and the FP Group Limited Objection. Having reviewed the pleadings, and having afforded due weight to the agreement of the parties, the Court finds good cause exists to grant the Motion as set forth below. Accordingly, it is hereby **ORDERED**:

    1.    The Motion is **GRANTED** as set forth herein.

    2.    The Debtors are (i) authorized and directed to pay or otherwise satisfy the Critical Vendors set forth, and up to the amounts set forth, in **Exhibits A & B** attached hereto provided however that each such Critical Vendor must agree to transact in business with the Debtors on Customary Trade Terms unless otherwise agreed to between the Debtors and Critical Vendor, and (ii) authorized, but not directed, to pay future amounts not to exceed the Critical Vendor Claim

Cap (i.e., $200,000 for Stroud Hospital and $100,000 for Anadarko Hospital) during the period covered by this Order. The Debtors may request Court approval to make additional disbursements on account of Critical Vendor Claims above the Critical Vendor Claim Cap or by agreement with FP Group and the UST. Acceptance of a payment on a Critical Vendor Claim will be voluntary, and any creditor may decline to accept Critical Vendor treatment.

       3.       Debtors shall disclose to First Physicians Business Solutions, LLC ("FP Business") the amount of each Critical Vendor Claim to be paid, and the party to whom payment is due, whereupon FP Business is hereby authorized to make such payment from Debtors' respective operating accounts. FP Business is authorized to pay Critical Vendors pursuant to paragraph 2 above from Debtors' operating account those expenses as identified on Exhibits A & B hereto.

       4.       The Debtors and FP Business are authorized and directed to pay Southern Plains within five days of the date of this order for services rendered between October 26, 2020 and October 31, 2020, and thereafter to pay Southern Plain invoices for post-petition services in the ordinary course of business. Nothing herein shall effect the validity of Southern Plain's claims for services rendered pre-petition, however, payment of such as a critical vendor claim is not authorized herein.

       5.       The procedures set forth in the Motion for accounting for Critical Vendor Claims that are paid and for parties-in-interest to challenge any such payments and are approved and so ordered.

       6.       Nothing in the Motion or this Order shall impair the Debtors' rights to contest the validity or amount of any Critical Vendor Claim that may be asserted, and all of the Debtors' rights with respect thereto are hereby reserved.

55456159;2

7. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

8. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to dispute any claim on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order. Nothing herein shall acknowledge, grant, or otherwise permit any right of offset or recoupment by a non-debtor with respect to any claim asserted against the Debtors.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10. Notice of the Motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

14. A Final Hearing is scheduled for **December 15, 2020 at 9:30a.m.** before the Honorable Sarah Hall by video conference:

i. Pursuant to Rule 43, Fed. R. Civ. P. (applicable to the contested matter pursuant to Rule 9017, Fed. R. Bankr. P.) and the on-going COVID-19 pandemic, the evidentiary hearing scheduled for **December 15, 2020 at 9:30a.m.** will be conducted via video-conference. In order to participate, all counsel and participants must have access to a computer with a camera and microphone. It is also recommended that you have a phone available on the day of the hearing in the event technical problems arise and communication is required.

ii. Witnesses will be sworn in, and their testimony will have the same effect and be binding upon the witness in the same manner as if the witnesses was sworn in by the Courtroom Deputy in person in open court.

iii. If a witness has documents, other than exhibits, in their possession and control during their testimony, counsel sponsoring the witness must provide a list of such documents to the Court and opposing counsel at the start of the hearing.

iv. On or before **12:00p.m. on December 7, 2020** counsel is directed to provide to cheryl_shook@okwb.uscourts.gov their preferred email address as well as the email address of any party or witness that will not be in the same location as counsel during the hearing. Chambers will use these email addresses to provide access to the video-conference evidentiary hearing.

v. On **12:00p.m. on December 9, 2020** the Court will issue an invitation for the video-conference evidentiary hearing containing a link for a "Microsoft Teams Meeting" that should be used to access the video-conference evidentiary hearing. You do not need to download the Microsoft Teams app to participate in the video-conference.

5

55456159;2

vi. When first using Microsoft Teams Meeting, you will need to allow the program to access your microphone and camera.

vii. If the "Rule" is invoked for the video-conference evidentiary hearing, it will be sponsoring counsel's responsibility to ensure that all non-party witnesses comply.

viii. The hearing will include live video and audio feeds so efforts should be made to appear professional and to eliminate unnecessary background noise. Unless speaking, all participants are requested to mute their microphone.

ix. Each counsel, party, and witness is responsible for timely joining the videoconference hearing and for establishing a new connection if, at any point, their connection is disrupted or terminated.

x. All parties, counsel, and members of the public are strictly prohibited from recording or broadcasting any hearing, in whole or in part, in any manner.

15. Responses and objections to the relief sought in the Motion shall be filed no later than **December 7, 2020**.

16. This order shall be served by the Debtors on interested parties and all parties included on the master service list.

Findings of fact are based upon representations of counsel.

# # #

Approved for Entry:

By: /s/ *Michael A. Rubenstein*
Michael A. Rubenstein, OBA #7806
Rubenstein & Pitts PLLC
1503 E. 19th Street
Edmond, OK  73013
Telephone:  (405) 340-1900
Facsimile:   (405) 340-1001
mrubenstein@oklawpartners.com
Proposed Attorneys for Debtors

By:  s/ *David W. Parham*
David W. Parham
AKERMAN LLP
Texas Bar No. 15459500
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
*Pro Hac Vice Admitted*
Proposed Attorneys for Debtors

s/ *Esther McKean*
Esther McKean
AKERMAN LLP
Florida Bar No. 028124
420 S. Orange Ave., Suite 1200
Orlando, FL 32801
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
esther.mckean@akerman.com
*Pro Hac Vice Admitted*
Proposed Attorneys for Debtors

s/ *Catherine Kretzschmar*
Catherine Kretzschmar
AKERMAN LLP
Florida Bar No. 85843
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
catherine.kretzschmar@akerman.com
 *Pro Hac Vice Admitted*
Proposed Attorneys for Debtors

s/ *J. Clay Christensen*
J. Clay Christensen (OBA #11789)
Jeffrey E. Tate (OBA #17150)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
CHRISTENSEN LAW GROUP, P.L.L.C.
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73013
Telephone: (405) 232-2020
Facsimile:  (405) 228-1113
clay@christensenlawgroup.com
jeffrey@christensenlawgroup.com
jon@christensenlawgroup.com
brock@christensenlawgroup.com
Attorneys for FP Group

/s/ *Marjorie J. Creasey*
Marjorie J. Creasey (OBA #17819)
Office of the United States Trustee
215 Dean A. McGee, Room 408
Oklahoma City, OK 73102
Telephone: (405) 231-4393
Facsimile: (405) 231-5958
Marjorie.creasey@usdoj.gov

7

55456159;2

| Name | Pre-Petition Debt 11.19.20 |
|---|---:|
| ABBOTTA2:A38 DIABETES CARE SALES CORP | $ 2,698 |
| AMERIPATH | $ 1,944 |
| Cardinal Health | $ 19,487 |
| COOK MEDICAL | $ 318 |
| Dr. Damodaran | $ 7,000 |
| Dr. Tu | $ 2,800 |
| DYNAMIC INFUSION THERAPY,INC | $ 3,365 |
| E.T.C ( Elaine's Transportation Co) | $ 7,614 |
| EPIMED | $ 132 |
| FISHER HEALTHCARE | $ 243 |
| HENRY SCHEIN | $ 8,080 |
| HILLROM INC | $ 7,009 |
| J & J Health Care Systems, Inc. | $ 1,677 |
| KCI USA | $ 10,504 |
| MEDLINE INDUSTRIES, INC. | $ 10,943 |
| MycroMed LLC | $ 3,750 |
| NEW DIRECTIONS DIALYSIS | $ 36,249 |
| OWENS and MINOR | $ 2,246 |
| PRECISION LENS | $ 824 |
| Sacrix LLC | $ 18,000 |
| SIZEWISE RENTALS | $ 3,138 |
| Smith & Nephew | $ 3,530 |
| Sysmex America, Inc. | $ 1,211 |
| US Foods | $ 7,367 |
| | **$ 160,129** |

# EXHIBIT A

| Name | Pre-Petition Debt 11.19.20 |
|---|---:|
| ABBOTT DIABETES CARE SALES CORP | $ 1,817 |
| Agiliti Health, Inc. ( UHS ) | $ 61,603 |
| CARDINAL HEALTH INC | $ 14,165 |
| DLO COURIER | $ 6,125 |
| Dr. Damodaran | $ 7,000 |
| Dr. Tu | $ 3,938 |
| DYNAMIC INFUSION THERAPY,INC | $ 4,150 |
| E.T.C. ( Elaine's Transport Company ) | $ 9,474 |
| HENRY SCHEIN | $ 6,871 |
| HILLROM INC | $ 11,882 |
| KCI USA | $ 21,214 |
| MEDLINE INDUSTRIES ,INC | $ 20,467 |
| MEDRIDE CORPORATION | $ 856 |
| NEW DIRECTIONS DIALYSIS | $ 84,729 |
| Oklahoma Blood Institute | $ 5,391 |
| ORGANOGENESIS INC | $ 57,820 |
| OWENS and MINOR | $ 6,122 |
| SIZEWISE RENTALS | $ 621 |
| US Foods | $ 6,229 |
| US Med-Equip, Inc. | $ 12,436 |
| | **$ 342,910** |

# EXHIBIT B