IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | Case No.: 20-13482-SAH |
| ) | Chapter 11 |
| RHA Stroud, Inc.,[1] ) | |
|     Debtor. ) | [Jointly Administered] |

**DEBTORS' REPLY TO OBJECTION OF THE
FP GROUP TO DEBTOR'S MOTION FOR RULE 2004 [DOC. NO. 207]**

Debtors, RHA Stroud, Inc. d/b/a Stroud Regional Medical Center and RHA Anadarko Inc., RHA Anadarko, Inc. a/k/a The Physicians' Hospital in Anadarko (collectively, the "Debtors"), file this reply (this "Reply") to the Objection of the FP Group [Doc. No. 207] (the "Objection") to the Debtors' Motion for Rule 2004 Examinations and Notice of Opportunity for Hearing [Doc. No. 135] (the "Rule 2004 Motion")[2]. In support of this Reply, the Debtors say:

    1.    Rule 2004 provides in relevant part that the Court may authorize the examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). In chapter 11 cases, the examination may extend to matters relating "to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." *Id.* The party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks, and relief lies within the sound discretion of the Bankruptcy Court. *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017).

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification number is: RHA Stroud, Inc. (2635) and RHA Anadarko, Inc. (2528). The principal place of business for the Debtors is 2308 Highway 66 West, Stroud, OK 74079 and 1002 East Central Blvd. Anadarko, OK 73005.

[2] Capitalized terms from the Rule 2004 Motion are incorporated by reference herein.

55613257;3

2.	The Rule 2004 Motion was filed on November 16, 2020, three weeks post-petition. Its filing was necessitated by First Physicians' failure to promptly and wholly comply with its contractual obligations under its respective Service Agreements to, among other things, provide timely access to the "business records, information, software, and systems … relating to the furnishing or performance of the Management Services" to the Hospitals. *See* Management Agreements, Section 6 (Books and Records).

3.	Indeed, as of the filing of the Rule 2004 Motion, and in response to repeated request for access to records, First Physicians produced documents for the first time only on November 5, 2020, in conjunction with the filing of its Motion to Dismiss [Doc. No. 60].

4.	Notwithstanding the purported size of the production—42,000 pages—the content of the production was insufficient. *See* DeGraw Declaration. Follow-up requests were made on November 10, 2020. No response in any form was received from First Physicians until November 20, 2020, **ten days** after the follow-up request was made and, not coincidently, four days after the filing of the Rule 2004 Motion. Notably, the response was also provided three days after the filing of the First Physician's Motion to Terminate Exclusivity [Doc. No. 140]. Clearly, the Debtors' management companies' priorities do not lie with providing the Debtors timely access to the book of records pertaining to the Debtors' own operations and business information, but instead with obstructing the Debtors' reorganization process. Moreover, the fact that contested matters were filed subsequent to the Rule 2004 Motion, should not mean the Debtors should be required to "start over" with discovery, as First Physician's suggests, particularly where First Physicians is contractually obligated to turn the information over.[3]

---

[3] The only contested matter that pre-dated the Rule 2004 Motion was First Physician's Motion to Dismiss [Doc. No. 60]. The Debtors' Motion to Reject [Doc. No. 130] was filed concurrently with the Rule 2004 Motion. And while some of information sought is relevant to the Motion to Reject, it is also information germane to the liabilities and

5. The Debtors and their professionals have reviewed the November 20, 2020 production. An itemization of documents still needed, and the cause for which each is sought, is attached hereto and incorporated herein as **Exhibit A**.

6. First Physicians' allegations that the 2004 Motion is a 'Trojan Horse' designed to elicit seek confidential and proprietary information is unfounded. The Debtors are seeking books and records related to the operation of the hospitals by First Physicians' which the Debtors are contractually entitled to under the Management Agreements and other agreements between First Physicians and the Debtors. As detailed in Exhibit A hereto, the requested information will assist the Debtors in, among other tasks, preparing required monthly operating reports and proposing a plan of reorganization, and is appropriately limited to matters related to the Debtors and administration of the bankruptcy cases. The broad scope of Rule 2004 is designed to assist the Debtors with just such efforts. *See* Fed. R. Bankr. P. 2004(b); *see also In re Mavashev*, 559 B.R. 332, 336 (Bankr. E.D.N.Y. 2016) (Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, has fewer procedural safeguards, and can be legitimately compared to a fishing expedition); *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 394 (Bankr. S.D.W.Va. 1984) (Bankruptcy court did not abuse its discretion in ordering examination of certain documents in possession of two corporations, with examination to be limited to those transactions involving debtor-in-possession, pursuant to bankruptcy rule allowing court, on motion of any party in interest, to order examination of any party in interest.).

7. The Debtors' requests are appropriately tailored to allow the Debtors to comply with their obligations under the Bankruptcy Code and applicable law, and fall within the wide

---

financial condition of the Debtors' estates, operation of the Debtors' business, as well as a matter which may affect the administration of the Debtors' estates (*i.e.*, ongoing evaluation of First Physician's services and charges).

55613257;3

ambit of Rule 2004.  The Debtors respectfully request the Court overrule the Objection and grant the Rule 2004 Motion.

WHEREFORE, the Debtors respectfully request the Court enter an Order: (i) granting the Rule 2004 Motion; (ii) overruling the Objection; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: December 7, 2020                              Respectfully Submitted,

**AKERMAN LLP**
By:  *s/ Esther McKean*
Esther McKean
Florida Bar No. 028124
420 S. Orange Ave., Suite 1200
Orlando, Florida, 32801
Telephone: 407- 419-8583
Fax : 407-843-6610
esther.mckean@akerman.com
*Pro Hac Vice Admitted*

By:  *s/ David W. Parham*
David W. Parham
Texas Bar No. 15459500
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: 214-720-4300
Fax : 214-981-9339
david.parham@akerman.com
*Pro Hac Vice Admitted*

By:  *s/ Catherine Kretzschmar*
Catherine Kretzschmar
Florida Bar No. 85843
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
Telephone: 954-486-2443
Fax : 954-847-5336
catherine.kretzschmar@akerman.com
*Pro Hac Vice Admitted*

**RUBENSTEIN & PITTS, PLLC**

By: s/ Michael A. Rubenstein
Michael A. Rubenstein, OBA #7806
Leif Swedlow, OBA #17710
1503 E. 19th Street
Edmond, OK 73013
Telephone: 405-340-1900
Fax: 405-340-1001
mrubenstein@oklawpartners.com
lswedlow@oklawpartners.com

Proposed Attorneys for Debtors

## CERTIFICATE OF SERVICE

This is to certify that on the Monday, December 7, 2020, a true and correct copy of *Debtors' Reply to Objection of The FP Group to Debtor's Motion for Rule 2004* was served upon counsel registered with the CM/ECF system in this case and was forwarded via U.S. Mail, first class, postage prepaid to the those parties listed on the attached matrix.

By: *s/ Esther McKean*
Esther McKean, Esq.